Adolfo Mora ALVARADO, Appellant,

v.

The STATE of Texas, Appellee.

No. 60843.

Court of Criminal Appeals of Texas, Panel No. 3.

May 19, 1982.

Michael C. Crowley, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Leo B. Garcia, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for burglary of a building. Punishment, enhanced by a prior felony conviction, was assessed at 20 years confinement.

By ground of error three, appellant contends the evidence is insufficient to sustain the conviction. We agree and reverse.

At trial, the complainant testified that he received information that his TV repair shop had been burglarized. The complainant stated that he did not give the appellant permission to burglarize his business. Next, the appellant's "confession" was introduced into evidence. This statement recited:

"On the fifth day of March, 1978, about 12:00 noon or 1:00, I went to RUBEN ORTIZ' house at 920 South Virginia. RUBEN and I left his house and went to a friend's house so that RUBEN could pick up some pills. When we got to his house, RUBEN talked about some pills, but his friend didn't have any. We left this house and went straight to Dyer. We drove north on Dyer until RUBEN told me to turn into a parking lot by the TV store. I parked my car and he got out and went to the side door of the building. I heard him breaking the door and I got out of my car, walked over to RUBEN, and asked him to stop. I told him if he did not stop, I was going to leave. I went back to my car with RUBEN. RUBEN got a pair of gloves and a screwdriver out of the car and then went back to the door. I left and drove around the building like I was going to leave. When I got back to the door, I stopped the car and got out. I looked inside through the broken door and then I started to go back to the car and about this time the police came. I told him that two guys ran out of the back of the building. I started to drive off and RUBEN told him I was with him and they stopped me and arrested me. I HAVE GIVEN THIS CONFESSION OF MY OWN FREE WILL WITHOUT ANY THREATS, COERCION AND HAVE HAD NO PROMISES MADE TO ME."

Police Officer Leonard Hendon testified that he responded to a burglary call at the Northgate Radio and TV Store. When the officer arrived he saw Ruben Ortiz run out of the building. Hendon saw the appellant standing by a rock wall behind the building as he was chasing the co-defendant. After Ortiz was apprehended, Hendon approached appellant and the appellant told him that "two other subjects . . . went north down by the ditch."

Officer Robert Lynch testified that he saw Ortiz leaving the burglarized business. Lynch saw the appellant "gesturing to the subject running." Lynch apprehended Ortiz. Lynch was permitted to testify over appellant's hearsay objection that Ortiz told him that appellant was involved in the burglary.

Two other police officers testified to details which were only cumulative to the testimony of Officers Lynch and Hendon. All of the officers present were under the

impression that appellant was merely a witness to the offense, rather than an actor, until Ortiz supposedly implicated him. The State rested its case and the defense rested *without offering any evidence.*

Turning to the evidence presented, we first consider the "confession" introduced in evidence against him. This statement merely reflects that appellant was present at the scene and that he knew what Ruben Ortiz was doing.

Next, there is the statement from Lynch, attributed to Ortiz, that the appellant was a participant in the burglary. This statement is hearsay and is therefore without probative value in determining the sufficiency of the evidence. See *Reynolds v. State*, 489 S.W.2d 866 (Tex.Cr.App.1972).

In essence, the State has proved that appellant was present at the scene of the crime. Mere presence at the scene of the crime alone is not sufficient to support a conviction. *Drager v. State*, 555 S.W.2d 743 (Tex.Cr.App.1977).

A conviction will not be sustained on appeal if the evidence does not sufficiently establish all material elements of the offense charged. *Drager v. State*, supra. The evidence in this case is insufficient to sustain the conviction for burglary.

The judgment is reversed and remanded with instructions to enter a judgment of acquittal.