**Norvil Francis FARRAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–88–00291–CR.**

Court of Appeals of Texas, Dallas.

April 27, 1989.

George White, John H. Hagler, Dallas, for appellant.

Karen R. Wise, Dallas, for appellee.

Before McCLUNG, KINKEADE and OVARD, JJ.

KINKEADE, Justice.

Norvil Francis Farrar appeals his conviction for theft of property. Following a jury trial, the trial court assessed punishment at five years' confinement and probated the sentence. In seven points of error, Farrar contends that his conviction should be reversed. Among other things, he argues that the trial court erred in denying him the right to make an opening statement to the jury. We agree and, accordingly, reverse the trial court's judgment.

The record reflects that Farrar owned a vehicle towing company. On June 11, 1986, his company towed a red Datsun 280ZX from a parking lot at the request of the parking lot owner. On July 2 and July

told him that he was scared because his life had    been threatened.

7, 1986, respectively, Farrar sent notices to the car's owner and the lienholder informing them that the car had been impounded, but he never heard any response from either one.

In late December 1986 or early January 1987, one of Farrar's employees took the red Datsun to an automobile service shop. The manager of the shop refused to work on the car because he claimed that the VIN plates on the dashboard had been altered. Farrar's employee testified that the service shop manager said the car might be stolen. When the employee related this incident to Farrar, Farrar answered he would "take care of it later." Farrar never reported the altered, non-matching VIN plates to the police. Unknown to Farrar, the owner of the car had reported it stolen on June 7, 1986. The owner's insurance company then paid off the lien and the equity in the car. On July 17, 1986, the insurance company received title to the car.

In January 1987, a police officer, who had been investigating the theft of the red Datsun, impounded the car at a gas station after noticing that the VIN plates appeared to have been altered. He contacted the registered owner of the car according to the altered VIN plate. The registered owner was Farrar. Farrar told the officer that he had purchased a wrecked white Datsun 280ZX but had then sold it. The officer found the white Datsun in a salvage yard. Two VIN plates had been removed from the white Datsun, but the remaining plate matched the VIN plates that were on the red Datsun. Farrar was charged with theft of the red Datsun.

Neither the prosecutor nor defense counsel made an opening statement to the jury during the trial. After the State had presented its evidence and rested, defense counsel asked to make an opening statement. The trial judge replied: "At this time your request is denied because of [sic] change in the law. Your first witness, please."

■ Article 36.01 of the Texas Code of Criminal Procedure outlines the order of proceeding in a jury trial. Prior to the 1987 amendments, article 36.01 read:

1. The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07.

2. The special pleas, if any, shall be read by the defendant's counsel, and if the plea of not guilty is also relied upon, it shall also be stated.

3. The State's attorney shall state to the jury the nature of the accusation and the facts which are expected to be proved by the State in support thereof.

4. The testimony on the part of the State shall be offered.

5. *The nature of the defenses relied upon and the facts expected to be proved in their support shall be stated by defendant's counsel.*

6. The testimony on the part of the defendant shall be offered.

7. Rebutting testimony may be offered on the part of each party.

8. In the event of a finding of guilty, the trial shall then proceed as set forth in Article 37.07. (emphasis added)

TEX.CODE CRIM.PROC.ANN. art. 36.01 (Vernon 1981). The article dictated that the defense would make its opening statement after the State rested its case. The 1987 amendment added section (b) which reads:

(b) The defendant's counsel *may* make the opening statement for the defendant immediately after the attorney representing the State makes the opening statement for the State. After the defendant's attorney concludes the defendant's opening statement, the State's testimony shall be offered. At the conclusion of the presentation of the State's testimony, the defendant's testimony shall be offered, and the order of proceedings shall continue in the manner described by Subsection (a) of this article.

TEX.CODE CRIM.PROC.ANN. art. 36.01 (Vernon Supp.1989) (emphasis added). The amendment allows the defense counsel to make his opening statement after the prosecutor's opening statement if he chooses. It does not eliminate the defense attorney's right to make an opening statement after the State rested, but when read in conjunction with subsection (a) of article 36.01, gives the defense counsel a choice of when to make his opening statement.

The right to make an opening statement is a valuable statutory right. The denial of that right constitutes reversible error. *Caraway v. State,* 417 S.W.2d 159, 161 (Tex.Crim.App.1967); *Kennedy v. State,* 200 S.W.2d 400, 407 (Tex.Crim.App. 1947). The defense attorney need not object to preserve error when the court denies him the right to make an opening statement. *See Crew v. State,* 387 S.W.2d 898 (Tex.Crim.App.1965) (no formal bill of exception needed to preserve error when court denied defense right to opening statement). In this case, the trial court refused the defense attorney's request to present an opening statement to the jury. This constituted reversible error. We therefore reverse the trial court's judgment and remand the case for a new trial.