David Morua ARRIAGA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–89–00053–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 31, 1991.

Rehearing Denied Feb. 26, 1991.

Nancy B. Barohn, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., Fred G. Rodriguez, Former Crim. Dist. Atty., Jane Davis, Dennis Peery, Jim Kopp, Laura M. Hubert, San Antonio, for appellee.

Before REEVES, C.J., and PEEPLES and CARR, JJ.

## OPINION

CARR, Justice.

This is an appeal from a jury conviction of unlawful delivery of heroin less than twenty-eight grams. The trial court assessed a punishment of ten years confinement, probated, and a $1,000.00 fine. Appellant, David Morua Arriaga, brings this appeal raising four points of error.

In his first point of error appellant asserts the trial court committed reversible error by denying appellant's timely request to make an opening statement to the jury immediately following the State's opening. At the conclusion of the State's opening argument, appellant's counsel asked to make an opening statement. The trial court denied the request. Appellant argues that this was reversible error. The State counters that appellant failed to preserve error by not specifying the grounds for the request, by not objecting to the trial court's denial of the request, and by later waiving opening argument when given the opportunity to do so at the conclusion of the State's case. The State also argues that error, if any, was harmless.

At the conclusion of the State's opening argument, the following occurred:

THE COURT: Okay. Call your first witness.

MS. BAROHN [Defense counsel]: Your Honor, may I make my opening statement?

THE COURT: Not at this time, Counsel.

MS. BAROHN: Not at this time?

THE COURT: No, ma'am.

After the State rested and appellant's motion for instructed verdict was denied, the following occurred:

THE COURT: Okay. So, do you need until 1:30? We can start at 1:30 if I tell the jurors to come back.

MS. BAROHN: That would be fine. I'd like to make an opening statement at that time, if I may.

THE COURT: I'll give you that opportunity at that time.

MS. BAROHN: Thank you.

When court resumed appellant made no opening statement, but began presenting witnesses.

## PRESERVATION OF ERROR

■ Initially, we address preservation of error. Article 36.01 of the Code of Criminal Procedure provides in part:

(a) A jury being impaneled in any criminal action, *except as provided by Subsection (b) of this article, the cause* **shall** *proceed in the following order:*

\* \* \* \* \* \*

3. The State's attorney shall state to the jury the nature of the accusation and the facts which are expected to be proved by the State in support thereof.

4. The testimony on the part of the State shall be offered.

5. The nature of the defenses relied upon and the facts expected to be proved in their support shall be stated by defendant's counsel.

\* \* \* \* \* \*

(b) *The defendant's counsel* **may** *make the opening statement for the defendant immediately after the attorney representing the State makes the opening statement for the State.* After the defendant's attorney concludes the defendant's opening statement, the State's testimony shall be offered. At the conclusion of the presentation of the State's testimony, the defendant's testimony shall be offered, and the order of proceedings shall continue in the manner described by Subsection (a) of this article. (Emphasis added).

Rule 52(a) of the Texas Rules of Appellate Procedure states:

In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion. If the trial judge refuses to rule, an objection to the court's refusal to rule is sufficient to preserve the complaint. It is not necessary to formally except to rulings or orders of the trial court.

In *Long v. State*, 800 S.W.2d 545 (Tex. Crim.App.1990), the court addressed a holding by the Court of Appeals that an objection to "hearsay" was a general objection and did not preserve for review a point of error about the State's failure to comply with TEX.CODE CRIM.PROC.ANN. art. 38.072. The Court of Criminal Appeals concluded that the defendant did not waive his right to appellate review merely by failing to specifically cite to the statute. The court stated, "In the context of this record where the objection was raised im-

mediately before the child's mother began to testify as to what her daughter told her, we cannot imagine that the trial court somehow failed to comprehend the nature of appellant's hearsay complaint." *Id.* at 584.

In the instant case, counsel made a request to make an opening statement immediately after the prosecutor's opening statement. The trial court denied the request. As the Court of Criminal Appeals stated in *Long*, we cannot imagine that the trial court did not comprehend the nature of the request. There was no need to specifically refer to article 36.01(b).

Additionally, appellant was not required to object. Rule 52(a) only requires a party to present a timely request and obtain a ruling on the request. No formal exception is necessary. The State contends the trial court did not deny appellant's request to make an opening statement, but merely delayed it. Appellant made a request to present the opening statement *at a specific point in the trial.* That request was denied. Appellant obtained an adverse ruling on the request.

■ The State argues that appellant waived the error by not making an opening statement at the beginning of the defense's case-in-chief. A waiver is "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), cited in *Robles v. State*, 577 S.W.2d 699, 703 (Tex.Crim.App.1979). The right, or statutory privilege, at issue in the case at hand is the presenting of an opening statement after the State opens but before the State introduces evidence. The focus of article 36.01(b) is not *whether* a defendant may make an opening statement but *when* the statement may be made. Before the 1987 amendments to article 36.01, the article provided that the defense would make its opening statement after the State's case concluded. *Farrar v. State*, 784 S.W.2d 54, 55 (Tex.App.—Dallas 1989, no pet.).[1]

---

1. *Farrar* is the only previously reported case we have found on the current version of article

36.01. In *Farrar,* after the State rested, defense counsel asked to make an opening statement.

The amendment allows the defense counsel to make [her] opening statement after the prosecutor's opening statement if [she] chooses. It does not eliminate the defense attorney's right to make an opening statement after the State rested, but when read in conjunction with subsection (a) of article 36.01, gives the defense counsel a choice of when to make [her] opening statement.

*Id.* at 56. The legislature has decided, in amending the statute, that the defendant now has the tactical choice of determining when to make an opening statement. As appellant's brief points out, there are situations in which an attorney might tactically decide to make an opening statement prior to the State's evidence, such as the instant case where the defense was alibi and relied upon challenges to the State's eyewitness through cross-examination about prior inconsistent statements. An attorney may decide that such an opening statement is appropriate and effective if delivered immediately after the State's opening statement, but that it would be inappropriate and ineffective if given later in the trial.

The question is whether there was an intentional relinquishment or abandonment of the right to make an opening statement immediately after the State's opening statement. We conclude there was not. Once the State presented its evidence the opportunity to address the jury after the prosecutor, and before the introduction of evidence, was lost—not abandoned.[2] For the same reasons, there was also no forfeiture of the right to make an opening statement before the State presented evidence.

The point of error is properly before this court.

### HARMLESS ERROR ANALYSIS

■ The State takes the position that if error was preserved it was harmless under TEX.R.APP.P. 81(b)(2). It is not clear that error in denying a defendant the right to make an opening statement before the State introduces evidence is subject to a harmless error analysis under rule 81(b)(2). Initially, we must decide whether article 36.01(b) is a mandatory or permissive statute.

The statute states that a defendant's counsel "may" give the opening statement. The word "may" is ordinarily considered a word of permission. However, we must read the word in the context of the statute. In article 36.01(b), "may" is directed to defense counsel. We agree with the Dallas Court of Appeals' reading of the article in *Farrar v. State* that defense counsel is given a choice of when to make the opening statement. If the choice is that of defense counsel's, then the trial court has no discretion in the matter. Once counsel chooses, then the point at which the opening statement is to be made is mandatory as far as the trial court is concerned. *See Sodipo v. State* (Tex.Crim.App., No. 1390–88, delivered September 12, 1990) (slip op. at 4).

The Court of Criminal Appeals has not decided whether all mandatory statutes are immune to a harmless error analysis. *Id.* slip op. at 5. In *Sodipo,* the court recognized that some statutory violations "cannot be subjected to a harm analysis in any meaningful manner, because the record will not reveal any concrete data from which an appellate court can meaningfully gauge or quantify the effect of the error." *Id.* slip op. at 5. The court discussed the position taken by the United States Supreme Court as follows:

By comparison, the United States Supreme Court has made the distinction between its federal harmless error rule

---

The trial judge denied the request because of the "change in the law." The court held that the denial of the request to present an opening statement to the jury was reversible error. Although *Farrar* involved article 36.01, the result of the trial court's ruling was that the defendant was denied the right to make any opening statement.

2. Under the State's theory, in order to preserve error appellant should have made the opening statement after the State's case. Of course, had appellant done so we could very well be addressing the State's contention that any error was cured by the later presentment of an opening statement. There would be no way to enforce on appeal the statutory privilege accorded to defendants.

and the use of an automatic reversal rule by focusing on the reliability of the outcome of the trial. Those rights that require automatic reversal, according to the Court, are so basic or fundamental that in their absence "a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence ... and no criminal punishment may be regarded as fundamentally fair." *Rose v. Clark,* 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986). The distinctive characteristic of these violations is that it is extremely difficult to know whether they might have affected the outcome, or the likelihood that they have influenced the outcome is so strong that it is not worth expending the judicial resources necessary to evaluate the effect of the error in particular cases. *United States v. Cronic,* 466 U.S. 648, 659–60, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

*Sodipo v. State,* slip op. at 5.

Based on the reasoning set out by the Court of Criminal Appeals in *Sodipo,* we conclude that a violation of article 36.01(b), in which the trial court denies the defendant the opportunity to make an opening statement before any evidence is presented, is subject to a harmless error analysis under rule 81(b)(2). A trial court's action in those instances does not completely deprive a defendant of the right to an opening statement. The right at issue here does not rise to the level of a basic or fundamental right the deprivation of which destroys a criminal trial's reliability to serve as a vehicle for determining guilt or innocence.[3] Rule 81(b)(2) is applicable.

In determining whether the error requires reversal, we are guided by *Harris v. State,* 790 S.W.2d 568 (Tex.Crim.App. 1989). Although *Harris* involved error in the admission of extraneous offenses, the opinion surveys general principles contained within the concept of harmless error. The Court of Criminal Appeals instructed:

In summary, a reviewing court in applying the harmless error rule should not focus upon the propriety of the outcome of the trial. Instead, an appellate court should be concerned with the integrity of the process leading to the conviction. Consequently, the court should examine the source of the error, the nature of the error, whether or to what extent it was emphasized by the State, and its probable collateral implications. Further, the court should consider how much weight a juror would probably place upon the error. In addition, the Court must also determine whether declaring the error harmless would encourage the State to repeat it with impunity. In summary, the reviewing court should focus not on the weight of other evidence of guilt, but rather on whether the error at issue might possibly have prejudiced the jurors' decision-making; it should ask not whether the jury reached the correct result, but rather whether the jurors were able properly to apply law to facts in order to reach a verdict. Consequently, the reviewing court must focus upon the process and not on the result. In other words, a reviewing court must always examine whether the trial was an essentially fair one. If the error was of a magnitude that it disrupted the juror's orderly evaluation of the evidence, no

---

**3.** *Compare Sodipo v. State* (Tex.Crim.App.1990) (denial of ten-day period after amendment of indictment involves an attorney's opportunity to prepare and is not subject to harmless error analysis), and cases cited therein at footnote 6:

> *Vasquez v. Hillery,* 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986) (discrimination by a grand jury); *Holloway v. Arkansas,* 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978) (Sixth Amendment assistance of counsel); *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) (Sixth Amendment right to

a fair and impartial jury); *Payne v. Arkansas,* 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975 (1958) (coerced confession).

*Compare also Hernandez v. State,* 785 S.W.2d 825 (Tex.Crim.App.1990) (denial of complete statement of facts on appeal not subject to harmless error analysis); *Scarbrough v. State,* 777 S.W.2d 83 (Tex.Crim.App.1989) (denial of right to self-representation not subject to harmless error analysis). Whether the denial of any opportunity to present an opening statement invokes the dictates of rule 81(b)(2) is another matter, which we do not address here.

matter how overwhelming it might have been, then the conviction is tainted. Again, it is the effect of the error and not the other evidence that must dictate the reviewing court's judgment.

General considerations having been set out, we are left only to provide a skeleton on which to place them. A procedure for reaching this determination should: first, isolate the error and all its effects, using the considerations set out above and any other considerations suggested by the facts of an individual case; and second, ask whether a rational trier of fact might have reached a different result if the error and its effects had not resulted.

*Harris v. State*, 790 S.W.2d at 587–88. The State bears the burden of showing beyond a reasonable doubt that the error did not contribute to the conviction. *See Arnold v. State*, 786 S.W.2d 295, 298 (Tex. Crim.App.1990).

The State claims that the importance of making an opening argument could not have been great or counsel would have made one as soon as the judge permitted. This argument is disposed of earlier in this opinion. Counsel made a tactical trial decision, for whatever reason, that an opening statement should be made at the conclusion of the State's opening but not later on in the trial. This decision does not diminish the importance of making the statement before the State offered evidence.

The State also argues the error was harmless because of the testimonial strength of the State's case. As for appellant being the criminal actor, the case came down to an issue of the credibility of the undercover officer who testified he purchased heroin from appellant. By not being allowed to state the nature of the defense relied upon and the facts expected to be proved in their support before the State presented its evidence, appellant was not able to have the jury evaluate the State's evidence in the context of the defense position as that evidence was being heard. Additionally, appellant was not able to have the jury relate the defense cross-examination of the State's witnesses to the overall defense posture as the cross-examination was being conducted. We cannot conclude beyond a reasonable doubt that the error made no contribution to the conviction, based on the principles of *Harris.*

We sustain point of error number one.

## SUFFICIENCY OF THE EVIDENCE

■ Appellant's fourth point of error must be considered since it contests the sufficiency of the evidence. Appellant's argument depends on the disposition of the third point of error, in which appellant asserts inadmissible hearsay was introduced into evidence. Because we reverse the conviction based on point of error number one, we do not address the merits of point of error number three. In order to review the fourth point of error, however, some discussion of the third point of error is required.

The State introduced into evidence a laboratory report prepared by a Bexar County Medical Examiner's Regional Crime Laboratory chemist showing the substance involved was heroin. The report was offered through the supervising chemist who did not prepare the report. The report was admitted as a business record exception to the hearsay rule over appellant's objection. Appellant argues in his third point of error that the lab report was erroneously admitted into evidence.[4] In assailing the suffi-

---

**4.** The Court of Criminal Appeals has decided this issue in harmony with appellant's argument under point of error number three. In *Cole v. State* (Tex.Crim.App., No. 1179–87, delivered November 14, 1990), the court examined federal case law under the parallel federal rule of evidence and held that a Department of Public Safety lab report, when offered through a supervising chemist who did not perform the tests on the substance, was not admissible under TEX.R. CRIM.EVID. 803(8)(B), since it was a matter observed by other law enforcement personnel. *Id.* slip op. at 9–10. The court found that to allow such evidence to be admitted under rule 803(6) as a business record exception would be inconsistent with the intended effect of rule 803(8)(B). *Id.* slip op. at 12. Therefore, rule 803(6) does not serve as an alternate route for the admissibility of records barred by rule 803(8)(B). *Id.* slip op. at 12–13. Were we to address the merits of appellant's third point of

ciency of the evidence, appellant maintains that because the lab report should not have been admitted the State failed to prove by competent evidence an essential element of the offense, specifically that the substance was heroin.

Even if we were to exclude the lab report in considering the sufficiency, we find that there remains sufficient evidence to find the essential elements of the offense.[5] Garcia testified that State's exhibit number one was a cellophane bag containing an aluminum foil package within which was the powdery substance the undercover officer purchased from appellant. Police officer Garcia conducted a Marquis field test of the substance, and it tested positive for heroin. Additionally, the undercover officer, Alonzo, testified that he told appellant that he wanted a "peseta." Alonzo testified that "peseta" is a common word in Spanish street talk for a small amount of heroin costing seventeen to eighteen dollars. Appellant replied that he did not have any but could take Alonzo to someone who had "some real good stuff." The two went to another location where the actual transfer was accomplished. Alonzo testified:

> And then he [appellant] got back inside the vehicle and he told me to try the stuff. And if I didn't like it, he was going to get some stuff later in about 30 or 45 minutes, to contact him later if I didn't like the stuff.

Based on this evidence, a rational trier of fact could have determined beyond a reasonable doubt that the substance appellant delivered to Alonzo was heroin.

Appellant's fourth point of error is overruled.

The judgment is reversed and the cause remanded.

---

error and find error, we would employ a harm analysis under TEX.R.APP.P. 81(b)(2).

**5.** The issue of whether an appellate court in Texas should consider *objected-to* hearsay evidence when reviewing the sufficiency of the evidence is open to question. In *Gardner v. State*, 699 S.W.2d 831 (Tex.Crim.App.1985), the court observed that the hearsay rule and the "consider all the evidence" rule can be harmonized in reviewing the sufficiency of the evidence by considering the hearsay but denying it probative force. There was no need to resolve the issue of whether the rule concerning the probative value of unobjected-to hearsay should be overruled in *Gardner* under the facts of the case. In *Chambers v. State*, 711 S.W.2d 240 (Tex.Crim.App.1986), the court reexamined its long standing practice of disregarding inadmissible hearsay in determining evidentiary sufficiency. The court held that it would treat inadmissible hearsay, admitted without objection, the same as all other evidence in the sufficiency context. *Id.* at 247. *See also* TEX.R.CRIM. EVID. 802 ("Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay."). In *Thomas v. State*, 753 S.W.2d 688 (Tex.Crim.App.1988), the court stated:

> In assessing the sufficiency of the evidence to support a conviction, *a reviewing court must consider all evidence* which the jury was permitted, whether rightly or wrongly, to consider. *Beltran v. State*, 728 S.W.2d 382, 389 (Tex.Cr.App.1987); *Porier v. State*, 662 S.W.2d 602, 605–606 (Tex.Cr.App.1984). In the event a portion of this evidence was erroneously admitted, the accused may complain on appeal of such error. If his complaint has merit and the error is reversible, see Rule 81(b)(2), Tex.R.App.Proc., a new trial should be ordered. But jurors do not act irrationally taking such evidence into account, since they are bound to receive the law from the trial judge. All evidence which the trial judge has ruled admissible may therefore be weighed and considered by the jury, and a reviewing court is obliged to assess the jury's factual findings from this perspective.

*Id.* at 695 (emphasis in original). *See also Villalon v. State*, 791 S.W.2d 130 (Tex.Crim.App. 1990). The problem is that *Chambers* and rule 802 involve unobjected-to hearsay. *Chambers* expressly overruled *Alvarado v. State*, 632 S.W.2d 608 (Tex.Crim.App.1982), to the extent of conflict. *Alvarado* dealt with objected-to hearsay, whereas *Chambers* held that inadmissible hearsay admitted without objection will be treated the same as other evidence. Arguably, then, *Alvarado* is not in conflict with *Chambers*. The rationale of *Chambers*, however, addresses the probative force of hearsay in general, and it would support a holding that hearsay admitted over objection should not be denied probative force. *See also Lockhart v. Nelson*, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988).

Because we find that even if the objected to hearsay were excluded there remains sufficient evidence that the substance in this case was heroin, we leave this question open.