Alonzo **TAYLOR**, Appellant

v.

The **STATE** of Texas, Appellee.

No. 01–91–00242–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 20, 1992.

Discretionary Review Refused
May 6, 1992.

Mary B. Hennessy, Houston, for appellant.

John B. Holmes, Houston, for appellee.

Before TREVATHAN, C.J., and MIRABAL and PRICE, JJ.

## OPINION

TREVATHAN, Chief Justice.

A jury found appellant guilty of possession of a controlled substance. Upon finding the enhancement paragraphs true, the jury assessed punishment at 25 years confinement and a $5000 fine. We affirm.

In his first point of error, appellant contends that the trial court erred in refusing to allow his counsel to make an opening statement prior to the prosecutor's presentation of evidence. The facts relevant to this point of error are as follows: Immediately following the prosecutor's opening statement, defense counsel asked the trial court if he may make his opening statement. The court denied counsel's request. The court informed counsel that he could make his opening statement after the prosecutor had put on his evidence. The prosecutor then called his first witness, and the testimony began. During the testimony of the prosecutor's first witness, the trial court interrupted the proceedings and reversed its ruling. The court stated that it wanted "to make a correction," that it had "made a bad ruling," and that defense counsel could proceed with his opening statement immediately if he so desired. Instead, counsel moved for a mistrial, which was denied. The court again offered to let defense counsel proceed with his opening statement. Counsel declined to do so, and again moved for a mistrial. The trial court again denied the motion, and again offered to let counsel proceed with his opening statement. Counsel once again declined the opportunity, and the prosecutor continued with his first witness. During the remainder of the trial, defense counsel never requested the chance to make an open-ing statement or took the opportunity to make one.

The State concedes in its brief that the trial court erred in denying defense counsel's request to make his opening statement prior to the prosecutor's presentation of evidence. Article 36.01(b) states that "[t]he defendant's counsel may make the opening statement for the defendant immediately after the attorney representing the state makes an opening statement for the state." Tex.Code Crim.P.Ann. art. 36.01(b)(Vernon 1981). We agree with the San Antonio and Dallas courts of appeals that the article gives defense counsel the choice of when to make an opening statement. *See Arriaga v. State,* 804 S.W.2d 271, 274 (Tex.App.—San Antonio 1991, pet. ref'd); *Farrar v. State,* 784 S.W.2d 54, 56 (Tex.App.—Dallas 1989, no pet.). Since defense counsel may choose, the trial court has no discretion in the matter. *Arriaga,* 804 S.W.2d at 274. Once defense counsel chooses, "then the point at which the opening statement is to be made is mandatory as far as the trial court is concerned." *Id.* We hold that the trial court erred in not allowing defense counsel to make his opening statement once the prosecutor had finished his own.

We now consider whether such error was harmless, as the State contends. *See Id.* at 275 (holding that a violation of article 36.01(b), in which the trial court denies defense counsel the opportunity to make an opening statement before the prosecutor presents evidence, is subject to a harmless error analysis under Tex. R.App.P. 81(b)(2)). Under a harmless error analysis, the State bears the burden of showing beyond a reasonable doubt that the error did not contribute to the conviction. *Arnold v. State,* 786 S.W.2d 295, 298 (Tex.Crim.App.1990); *Arriaga,* 804 S.W.2d at 276.

In arguing that the trial court's error was not harmless, appellant relies upon *Arriaga.* In that case, at the conclusion of the prosecutor's opening statement, defense counsel asked the court if she may proceed with hers. The trial court denied

her request, and the prosecutor proceeded with his case to its conclusion. The San Antonio Court of Appeals held that the error was not harmless, reasoning as follows:

> By not being allowed to state the nature of the defense relied upon and the facts expected to be proved in their support before the State presented its evidence, appellant was not able to have the jury evaluate the State's evidence in the context of the defense position as that evidence was being heard. Additionally, appellant was not able to have the jury relate the defense cross-examination of the State's witnesses to the overall defense posture as the cross-examination was being conducted.

*Id.* This case, however, is distinguishable from *Arriaga.* In this case, the trial court realized its error during the beginning of the prosecutor's evidence, interrupted the proceedings, and offered, repeatedly, to let defense counsel open. Although appellant lost the ability to have the jury evaluate *some* of the State's evidence "in the context of the defense position as that evidence was being heard," the only such evidence was mere neutral, foundational evidence, none of which appellant took a "position" on, and none of which prejudiced appellant's defense.

The record reflects that the trial court admitted its error early in the testimony of the prosecutor's first witness, the arresting officer. By that time, the jury had heard from the officer only purely logistical facts about his background and training as a police officer; facts about his general duties during his shift, and about the area of town he patrols; that he recognized appellant as someone he "came in contact with" during the night of the offense; and where and when, but not how, he encountered appellant.

At this point, none of the evidence adduced by the prosecutor was prejudicial to appellant. The officer had given no evidence whatsoever about the operative facts of the case, and established no credibility beyond the fact that he was a trained police officer. The facts adduced were never contested by appellant. Nor has appellant contended that he was not the one who committed the offense; rather, his contention was and is that there was no offense committed at all. Therefore, the officer's identification of appellant as someone he "came in contact with" during the night of the offense did not prejudice appellant. Appellant's defense, instead, focused on his version of that night's events. None of the testimony introduced before the trial court interrupted the proceedings prejudiced appellant's defense.

Nor did appellant lose his ability "to have the jury relate the defense cross-examination of the State's witnesses to the overall defense posture as the cross-examination was being conducted." As noted, the trial court caught its mistake early in the testimony of the prosecutor's first witness and repeatedly offered to let defense counsel present his opening statement. At this point, there had, of course, been no "defense cross-examination of the State's witnesses."

Unlike in *Arriaga,* here there was no complete, perpetual "denial" of the right to make an opening statement at the conclusion of the prosecutor's opening statement. The trial court caught its mistake and offered to allow defense counsel to make his opening statement before the error became harmful, i.e., before appellant lost the ability to have the jury evaluate potentially prejudicial State's evidence "in the context of the defense position as that evidence was being heard" and the ability "to have the jury relate the defense cross-examination of the State's witnesses to the overall defense posture as the cross-examination was being conducted." At the point in the trial when the trial court interrupted, there had been no prejudice to appellant's case from the lack of an opening statement.

We hold that the State has met its burden of showing beyond a reasonable doubt that the trial court's error did not contribute to appellant's conviction. Appellant's first point of error is overruled.

■■■ In his second point of error, appellant contends that the trial court erred in failing to submit a charge to the jury on

the issue of the legality of the seizure of the drugs in this case. According to appellant, his codefendant testified at trial that neither he nor appellant were holding syringes or bags of cocaine in plain view when the arresting officer approached the car. Where an issue of fact is raised, the defendant has a statutory right to have the jury charged concerning that issue. *Stone v. State,* 703 S.W.2d 652, 655 (Tex.Crim.App. 1986); *Jordan v. State,* 562 S.W.2d 472, 473 (Tex.Crim.App.1978). A trial court's failure to charge the jury in such a case may, of course, amount to reversible error. *Stone,* 703 S.W.2d at 655.

We disagree, however, with appellant's reading of the record. The relevant testimony from appellant's codefendant was as follows:

Q. When the police officer got you out of the car did you have any drugs in your hands, sir?

A. No.

Q. Did [appellant] have any drugs in [his] hands?

A. No.

Rather than constituting testimony that neither appellant nor his codefendant had drugs in their hands when the officer *approached* the car, this is clearly testimony that neither had drugs in their hands when they were actually *removed* from the car, an event obviously later in time. In fact, the codefendant's testimony is consistent with that of the officer, who stated that appellant dropped the syringe and baggie *after* the officer had approached the car.

The record supports the trial court's refusal to charge the jury on the legality of the seizure. There was no evidence to raise the issue of whether the drugs were in plain view when the officer approached the car. The uncontroverted evidence is that they were. An officer may seize what he sees in plain view if the officer is lawfully there. *Miller v. State,* 608 S.W.2d 684, 685 (Tex.Crim.App.1980); *Tucker v. State,* 630 S.W.2d 659, 660 (Tex.App.—Houston [1st Dist.] 1981, pet. ref'd). Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.