Victor B. MOORE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–91–00210–CR.

Court of Appeals of Texas, Dallas.

April 27, 1992.

Gary A. Udashen, Dallas, for appellant.

Robert P. Abbott, Dallas, for appellee.

Before BAKER, KINKEADE and STEPHENS [1], JJ.

## OPINION

BAKER, Justice.

Because the trial court erred in denying appellant's timely request for an opening statement, we reverse the trial court's judgment. We remand the cause for a new trial.

## PROCEDURAL HISTORY

A jury convicted appellant of aggravated robbery of a PDQ convenience store. The jury assessed a twenty-year sentence. In his ninth of ten points of error, appellant asserts the trial court erred by denying his timely request to make an opening statement to the jury before the State offered its evidence.

After voir dire of the jury and before the State presented its evidence, the court asked the State if it wished to make an opening statement. The prosecutor declined to do so. Appellant's counsel then requested the right to make an opening statement before the State put on its evidence. The trial court denied the request. The trial court told counsel he could make an opening statement when the defense began its case.

## APPLICABLE LAW

Article 36.01 of the Texas Code of Criminal Procedure provides in part:

(a) a jury being impaneled in any criminal action, except as provided by Subsec-

---

[1]. The Honorable Bill J. Stephens, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

tion (b) of this article, the cause shall proceed in the following order:

    \*     \*     \*     \*     \*     \*

3. The State's attorney shall state to the jury the nature of the accusation and the facts which are expected to be proved by the State in support thereof.

4. The testimony on the part of the State shall be offered.

5. The nature of the defenses relied upon and the facts expected to be proved in their support shall be stated by defendant's counsel.

    \*     \*     \*     \*     \*     \*

(b) The defendant's counsel may make the opening statement for the defendant immediately after the attorney representing the State makes the opening statement for the State. After the defendant's attorney concludes the defendant's opening statement, the State's testimony shall be offered. At the conclusion of the presentation of the State's testimony, the defendant's testimony shall be offered, and the order of proceedings shall continue in the manner described by Subsection (a) of this article.

TEX.CODE CRIM.PROC.ANN. art. 36.01 (Vernon Supp.1992).[2]

## APPELLANT'S CONTENTIONS

Appellant contends article 36.01(b) gives a defendant the opportunity to make an opening statement immediately after the State makes its opening statement. Although the State waived its right to make an opening statement, appellant argues he still had a right to make his opening statement before the State presented its case. Appellant contends the legislature's intention in giving a defendant the option of making his opening statement before the State presents its evidence is to assist the jury in evaluating the State's evidence in the light of the defensive theory of the case.

2. All references are to article 36.01 of the Texas Code of Criminal Procedure unless stated otherwise.

Appellant contends the denial of his right to present an opening statement before the State presented its evidence was error under article 36.01. He contends an opening statement before the State's evidence might have "shaken" the State's evidence. He argues the error is not harmless.

## THE STATE'S CONTENTIONS

The State argues article 36.01(b) gives the defendant the right to make an early opening statement only if the State makes an opening statement. If the prosecution waives opening argument, the State contends defense counsel cannot make an opening statement to the jury until the State completes its case in chief.

Additionally, the State argues the error, if any, was harmless. The State points out appellant specifically declined the court's invitation to present an opening statement at the beginning of defense testimony. The State also contends appellant waived any error because the record does not show what appellant might have said if the trial court had granted defense counsel's request.

## THE ISSUE

We must decide whether article 36.01 impliedly allows a defendant to make an opening statement before the State puts on its evidence, when the State waives its right to make an opening statement.

## APPLICATION OF THE LAW TO THE FACTS

In a recent case, the San Antonio Court of Appeals faced a similar situation. *See Arriaga v. State*, 804 S.W.2d 271, 274 (Tex. App.—San Antonio 1991, pet. ref'd). In *Arriaga*, the State made an opening statement. When the State finished its opening statement, Arriaga's counsel asked to make an opening statement. The trial court denied the request. The State then put on its evidence. After the State rested, Arriaga moved for an instructed verdict. The trial court denied the motion. The

court then took a recess for lunch. At the time the recess was announced, Arriaga's counsel stated she would make an opening statement when trial resumed. The court told Arriaga's counsel she would have that opportunity. However, when the trial resumed, Arriaga's counsel did not make an opening statement but began presenting witnesses.

On appeal, Arriaga claimed the trial court committed reversible error by denying his timely request to make an opening statement to the jury immediately following the State's opening. The State countered that Arriaga failed to preserve error by not specifying the grounds for the request, by not objecting to the court's denial of the request, and by later waiving an opening statement when the trial court gave him the opportunity to do so at the conclusion of the State's case. The San Antonio court agreed with Arriaga and reversed and remanded the cause for a new trial.

When the legislature amended article 36.01 in 1987, it gave the defendant the tactical choice of determining when to make an opening statement. *Arriaga v. State,* 804 S.W.2d at 274; *Farrar v. State,* 784 S.W.2d 54, 56 (Tex.App.—Dallas 1989, no pet.); art. 36.01. The focus of article 36.01(b) is not *whether* a defendant may make an opening statement but *when* the defendant may make the statement. *Arriaga,* 804 S.W.2d at 273; art. 36.01(b).

When defense counsel makes that choice, the trial court has no discretion in the matter. Once counsel chooses the point at which to make the opening statement, it is mandatory for the trial court to allow it. *Arriaga,* 804 S.W.2d at 274. To permit the State to dictate when defense counsel can make an opening statement by choosing whether to make an opening statement gives the State the ability to determine defense counsel's rights under the article. Permitting the State to do so defeats the right that article 36.01 affords. We hold a defendant has the right to make an opening statement before the State

presents its evidence even if the State waives its right to an opening statement under the statute. We hold the trial court erred when it denied defense counsel's timely request to make an opening statement to the jury.

## HARMLESS ERROR ANALYSIS

The State argues the error, if any, was harmless under rule 81(b)(2) of the Texas Rules of Appellate Procedure. *See Sodipo v. State,* 815 S.W.2d 551, 554 (Tex.Crim. App.1990); *Arriaga,* 804 S.W.2d at 275; TEX.R.APP.P. 81(b)(2).[3]

### 1. Standard of Review

When we determine whether the error requires reversal, we examine the source of the error, the nature of the error, whether or to what extent the State emphasized the error, and its probable collateral implications. Further, we consider how much weight a juror would probably place upon the error. *See Harris v. State,* 790 S.W.2d 568, 587–88 (Tex.Crim.App.1989). We focus on whether the error might have prejudiced the jurors' decision making. We ask whether the jurors were able to properly apply law to facts to reach a verdict. We examine whether the trial was a fair one. *Harris,* 790 S.W.2d at 587–88.

We isolate the error and all its effects. We apply these considerations and any other considerations suggested by the facts of the individual case. We ask whether a rational trier of fact might have reached a different result if the error and its effects had not resulted. *Harris,* 790 S.W.2d at 587–88. The State bears the burden of showing beyond a reasonable doubt that the error did not contribute to the conviction. *See Arnold v. State,* 786 S.W.2d 295, 298 (Tex.Crim.App.1990).

### 2. Application of the Law to the Facts

The State argues the error was harmless because appellant declined the court's invitation to make an opening statement before the defense presented its evi-

3. We have held that the trial court's complete denial of the right to an opening statement is reversible error without a harm analysis. *See Farrar,* 784 S.W.2d at 56.

dence. If appellant had done so, we would more than likely now be facing the State's contention that the later presentation of an opening statement cured the error. There would be no way to enforce on appeal the statutory privilege accorded to defendants. *See Arriaga,* 804 S.W.2d at 274 n. 2. The State also argues the record does not show what appellant might have said to sway the jury if the trial court had allowed him to speak before the State's case-in-chief. There need not be a formal bill of exception to preserve error when the court denies defense counsel the right to an opening statement. *Crew v. State,* 387 S.W.2d 898, 899 (Tex.Crim.App.1965); *Farrar,* 784 S.W.2d at 56.

When to make an opening statement is defense counsel's tactical choice. Counsel may decide an opening statement is appropriate and effective if delivered immediately before the State presents its evidence. Here, the defensive theory was someone else committed the robbery at the PDQ store. The defense offered several witnesses who testified the person handling the gun during the robbery was someone other than appellant. By not allowing defense counsel to make an opening statement before the State put on its evidence, the jury could not evaluate the State's evidence while considering the defense's position. *Arriaga,* 804 S.W.2d at 276.

Additionally, appellant was unable to have the jury relate his cross-examination of the State's witnesses to the overall defense posture. *Arriaga,* 804 S.W.2d at 276. We cannot conclude beyond a reasonable doubt that the error made no contribution to the conviction. TEX.R.APP.P. 81(b)(2). We sustain appellant's point of error number nine.

Because of the conclusions we reach on this point of error, we need not discuss appellant's other points of error.

We reverse the trial court's judgment. We remand the cause for a new trial.