**Darrell Lee BOSTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–90–223–CR.**

Court of Appeals of Texas, Waco.

July 8, 1992.

Rehearing Denied Aug. 12, 1992.

Steven A. Kelley, Waxahachie, for appellant.

Mary Lou Shipley, County and Dist. Atty., David A. Sloan, Asst. County and Dist. Atty., Waxahachie, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

█ A jury convicted Boston of robbery enhanced by one prior felony conviction and assessed his punishment at twenty-five years in prison. In a single point Boston complains that the court erred by denying his request to make an opening statement to the jury immediately following the State waiving its opening statement. *See* TEX. CODE CRIM.PROC.ANN. art. 36.01(b) (Vernon Supp.1992). The State contends that Boston failed to preserve error by not specifying the grounds for the request, by not objecting to the trial court's denial of the request, and by later waiving an opening statement by not giving one at the conclusion of the State's case. The State also argues that the error, if any, was harmless.

The facts of this case are similar to those in *Arriaga v. State*, 804 S.W.2d 271 (Tex. App.—San Antonio 1991, pet. ref'd), except that in *Arriaga* the State made an opening statement and here the State waived the opening statement. In *Arriaga*, the court held the appellant's request for an opening statement was sufficient to preserve error without stating the specific grounds for the request and objecting to the court's ruling. *Id.* at 273; *see also Long v. State*, 800 S.W.2d 545 (Tex.Crim.App.1990). Accordingly, we find that Boston's request was sufficient and that no objection was necessary.

█ Article 36.01 of the Code of Criminal Procedure governs the order of trial proceedings, and provides in part:

(a) A jury being impaneled in any criminal action, *except as provided by subsection*

(b) *of this article, the cause shall proceed in the following order:*

.  .  .  .  .

3. The State's attorney shall state to the jury the nature of the accusation and the facts which are expected to be proved by the State in support thereof.
4. The testimony on the part of the State shall be offered.
5. The nature of the defenses relied upon and the facts expected to be proved in their support shall be stated by defendant's counsel.

.  .  .  .  .

(b) The defendant's counsel *may* make the opening statement for the defendant immediately after the attorney representing the State makes the opening statement for the State. After the defendant's attorney concludes the defendant's opening statement, the State's testimony shall be offered. At the conclusion of the presentation of the State's testimony, the defendant's testimony shall be offered, and the order of proceedings shall continue in the manner described by subsection (a) of this article.

TEX.CODE CRIM.PROC.ANN. art. 36.01 (emphasis added).

██ The State contends that, since the State waived its opening statement, subsection (b) does not apply and Boston's opening statement must then follow the State's case, as provided by subsection (a)(5). We disagree. In *Farrar v. State*, 784 S.W.2d 54, 56 (Tex.App.—Dallas 1989, no pet.), the Dallas Court of Appeals held that article 36.01(a) and (b) gives defense counsel a choice of when to make an opening statement. The focus of article 36.01(b) is not on *whether* a defendant may make an opening statement but *when* the statement may be made. *Arriaga*, 804 S.W.2d at 273. Once counsel chooses, the point at which the opening statement is to be made is mandatory as far as the trial court is concerned. *Id.* at 274. Article 36.01(b) has

given the defendant a tactical choice of determining when to make an opening statement. There are situations, such as Boston points out here, in which an attorney might tactically decide to make an opening statement prior to the State's evidence. The right to make an opening statement is a valuable right, the denial of which constitutes error. *See id.; Farrar*, 784 S.W.2d at 55; *Caraway v. State*, 417 S.W.2d 159, 161 (Tex.Crim.App.1967); *Crew v. State*, 387 S.W.2d 898, 899 (Tex. Crim.App.1965). We find that Boston did not waive or forfeit his right to make an opening statement by failing to do so after the State presented its evidence. *See Arriaga*, 804 S.W.2d at 274. Once the State presented its evidence, the right of Boston to present an opening statement was lost, not abandoned or waived.

██ Having found the court's refusal to allow Boston to make an opening statement before the State's presentation of evidence to be error, we must now consider whether it was harmless. *See* TEX.R.APP.P. 81(b)(2). In determining whether the error requires reversal, we are guided by *Harris v. State*, 790 S.W.2d 568 (Tex.Crim.App. 1989). First, we must isolate the error and all its effects, and second, ask whether a rational trier of fact might have reached a different result if the error and its effects had not resulted. *See id.* at 587–88.

The State contends that Boston was allowed to state his overall defense position, which purported that he committed theft and not robbery, by mentioning that position in his voir dire examination of the panel. However, the State does not contend that voir dire is a substitute for opening argument. Even though the defensive position was mentioned to the jury panel, the facts later relied on by Boston, when he testified in his own defense, never got before the panel during voir dire. Article 36.01(a)(5) specifically allows a defendant in his opening statement to tell the jury the defenses relied upon and the *facts expected to be proved.* Here, Boston was precluded from telling the jury those facts and thus the jury could not relate that posture to the

his cross-examination of the State's only witness.

We find that the error was of such magnitude that it disrupted the juror's orderly evaluation of the evidence. By not being allowed to state the nature of the defense relied upon and the facts expected to be proved in their support before the State presented its evidence, Boston was not able to have the jury evaluate the State's evidence in the context of the defense position as that evidence was being heard. We cannot conclude beyond a reasonable doubt that the error made no contribution to the conviction based on the principles in *Harris*. Boston's point of error is sustained.

We reverse the judgment and remand the case.

THOMAS, Chief Justice, dissenting.

The majority holds that, although the State never made an opening statement, Boston was entitled under article 36.01(b) of the Code of Criminal Procedure to make an opening statement before the State presented its evidence and that he was harmed by the refusal to allow him to do so. I respectfully dissent.

## ARTICLE 36.01(B) IS INAPPLICABLE

Article 36.01(a) clearly provides that the defendant's opening statement *shall* follow the presentation of the State's case-in-chief. TEX.CODE CRIM.PROC.ANN. art. 36.01(a)(4), (5) (Vernon Supp.1992). Subsection (b), however, allows the defense—if it chooses—to advance its opening statement to a time "immediately after the attorney representing the State makes the opening statement for the State." *Id.* art. 36.01(b). Here, the State never made an opening statement because it waived its right to do so. The majority overlooks the plain language of subsection (b) and holds that Boston was entitled to advance his opening statement even though the State never made an opening statement. Under the circumstances, I would hold that subsection (b) was not applicable. Not being applicable, the court properly refused to allow Boston to proceed under subsection (b) but offered him the right to make an opening statement

under subsection (a), which he later declined to do. This was not error. *See Ballard v. State*, 514 S.W.2d 267, 268 (Tex. Crim.App.1974); *Johnson v. State*, 167 Tex.Crim. 289, 319 S.W.2d 720, 722 (1958).

The majority relies on *Arriaga v. State*, 804 S.W.2d 271 (Tex.App.—San Antonio 1991, pet. ref'd), to support its holding. *Arriaga* is inapplicable because the prosecution made an opening statement in that case. *Id.* at 272.

A court can require the prosecution to make an opening statement if its waiver will prejudice the defendant. *Cannon v. State*, 84 Tex.Crim. 479, 208 S.W. 660, 661 (1919). Thus, Boston could have preserved a complaint that the State's waiver deprived him of the valuable right to advance his opening statement under subsection (b) by either objecting to the waiver on that ground or requesting that the court order the State to make an opening statement. An adverse ruling on the objection or request would have preserved his complaint. *See* TEX.R.APP.P. 52(a). Because he did neither, I would hold that Boston waived any complaint about not being allowed to advance his opening statement.

## STATEMENT OF "DEFENSES"

Article 36.01(a) expressly limits the content of the defendant's opening statement: "The nature of the *defenses* relied upon and the facts expected to be proved in their support shall be stated by defendant's counsel." TEX.CODE CRIM.PROC.ANN. art. 36.01(a)(5) (emphasis added). The defense is not entitled to include in an opening statement matters that are not legal defenses to the charged offense. *Norton v. State*, 564 S.W.2d 714, 718 (Tex.Crim.App. [Panel Op.] 1978); *St. Pe. v. State*, 495 S.W.2d 224, 225 (Tex.Crim.App.1973).

Boston's complaint, as stated in his brief, is that he was not allowed to tell the jury about his "overall defensive posture, that this was a theft, not a robbery." Short and simple, he wanted to tell the jury that he was not guilty but, if he were, he was only guilty of theft, not robbery. A denial of guilt is not a legal defense and cannot be properly included in an opening statement.

*Norton*, 564 S.W.2d at 718 (holding that a defendant is not entitled to tell the jury in an opening statement that he is relying on the defense of "not guilty"). Therefore, Boston would not have been entitled to make the statements he now complains he was prevented from making under either subsection (a) or (b) of article 36.01.

## HARMLESS ERROR

Assuming that subsection (b) of article 36.01 were applicable, that Boston was entitled to tell the jury in his opening statement that he was not guilty of robbery, that he has preserved the complaint for review, and that the court's ruling was error, I do not agree with the majority's harm analysis. *See* TEX.R.APP.P. 81(b)(2).

The guidelines for determining harmful error are in *Harris v. State*, 790 S.W.2d 568, 587–88 (Tex.Crim.App.1989). The majority concludes that the error—i.e., not allowing Boston to tell the jury of his overall defensive posture in the form of an opening statement before the State presented its evidence—was of such magnitude that it "disrupted the jury's orderly evaluation of the evidence." The majority concedes, however, that he had already mentioned his defensive posture to the jury panel during voir dire.

Boston questioned prospective jurors extensively during voir dire about whether they would distinguish between theft and robbery and whether they would convict him of theft if the State failed to prove the elements of robbery. He dwelled on the different elements of the two offenses in questions to juror after juror. Jurors selected to serve on the jury surely knew the thrust of the defense: If he was guilty, he was only guilty of theft. This is the same message he wanted to tell the jury just before the State began its case. Having told the jury during voir dire the substance of his so-called defense, any error in refusing to allow him to restate it in an opening statement was harmless beyond a reasonable doubt. *See Johnson*, 319 S.W.2d at 722 (holding that, assuming the court erred, reversal is not required when the defendant has stated the substance of his proposed opening statement to the jury during voir dire).

Finally, an opening statement is not evidence. *Brooks v. State*, 88 Tex.Crim. 520, 227 S.W. 673, 676 (1920) (on rehearing). Thus, assuming the court erred, it did not affect the quantum or quality of the evidence. In fact, Boston does not even question the sufficiency of the evidence to support his conviction.

Although a harm analysis cannot be determined solely by looking at the weight of the evidence showing the defendant's guilt, the appellate court must evaluate the effect of the error on the jury in light of the other evidence. *Harris*, 790 S.W.2d at 587. One simply cannot ignore the reality of the record in a harmless-error review. *Id.* at 585. After isolating the error and its effects, *the appellate court must then ask whether a rational trier of fact would have reached a different result if the error and its effects were not present. Id.* at 588. That is the pivotal question—Was the defendant harmed by the result?

Considering that the substance of the potential opening statement had already been communicated to the jury during voir dire, that the opening statement—if given—would not have affected the weight of the evidence, that Boston does not quarrel with the sufficiency of the evidence to support his conviction, I cannot agree that the jury would have reached a different result if only Boston had been allowed to make an opening statement. Accordingly, I would hold that the assumed error would have been harmless beyond a reasonable doubt. *See* TEX.R.APP.P. 81(b)(2). I believe the judgment should be affirmed.