Lacoure Patrick WINTERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–91–01421–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 6, 1994.

Janet Morrow, Houston, for appellant.

John B Holmes, Jr., Carol M. Cameron, David Kiatta, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and WILSON and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

The issue in this case is whether the State can prevent a defendant from making an opening statement by waiving its own opening statement. We hold it can and affirm.

## Summary of the case

The jury convicted the appellant of burglary of a building with intent to commit theft. The appellant plead true to two enhancement paragraphs, the trial court found the enhancement paragraphs true, and it assessed punishment of 35–years confinement.

The appellant was accused of breaking into the computer lab room of Spring Shadows Elementary School in the Spring Branch Independent School District. Officer Thomas, a retired Houston Police Department officer employed by Spring Branch I.S.D., identified the appellant as the person running away from the school building with a computer monitor about 11:30 p.m. on February 18, 1991. Officer Thomas said the appellant threw the monitor at him. While the officer managed to break the fall of the monitor, the appellant escaped. About a week later, Officer Thomas identified the appellant from a photo lineup.

After voir dire and before the State presented its evidence, the court asked the State if it had an opening statement. The State said no. The appellant's counsel then requested the right to make an opening statement before the State put on its evidence. The trial court denied the request. The State called its first witness. After the State rested, and before putting on evidence, defense counsel made an opening statement in which he argued the case was simply one of mistaken identity. Defense counsel argued that Officer Thomas had too little time and too little light to be able to identify the person attempting to steal a computer monitor, and that two family members would testify the appellant was home at the time of the burglary.

In his sole point of error, the appellant contends the trial court violated˜ TEX.CODE CRIM.P.ANN. art. 36.01 (Vernon Supp.1993),[1] and committed reversible error in refusing his request to make an opening statement to the jury before the State presented its evidence, even though the State did not make an opening statement.

---

1. All references are to article 36.01 of the Texas Code of Criminal Procedure unless stated otherwise.

The State makes three arguments.

First, the State argues the appellant did not preserve his point of error.

Second, the State argues article 36.01(b) gives the defendant the right to make an early opening statement only if the State makes an opening statement. If the prosecution waives opening argument, the State contends defense counsel cannot make an opening statement to the jury until the State completes its case in chief.

Last, the State argues the error, if any, was harmless. The State points out the appellant made an opening statement at the beginning of defense testimony.

## Preservation of error

The State argues that the defense counsel either made no specific request to present an opening statement before the State's case, or agreed with the trial court's denial of the request. The statement of facts shows the following exchange took place before the bench:

The Court: Do you have an opening statement?

Prosecutor: No, Your Honor, I don't.

Defense Counsel: Defense has an opening statement.

The Court: Approach the bench.

(Off-the-record discussion.)

The Court: You may *accept* it. Members of the jury, will you retire just a minute? We'll indicate to you when to return.

(The following proceedings were had outside the jury's presence:)

The Court: All right. Let the record reflect the defendant's counsel requested to make an opening statement. The Court is denying it, because Article 36.01 provides that the defendant's counsel may make the opening statement for the defendant immediately after the attorney representing the State makes the opening statement for the State. Put the jury back in the box. You may *accept* the ruling of the Court, sir.

Defense Counsel: Defense *accepts* that ruling, your Honor.

The Court: All right. 36.01.

(Jury is brought in and seated.)

The Court: You may call your first witness, sir.

(Emphasis added.)

The statement of facts shows that defense counsel made a specific request to be allowed to make an opening statement before the State's case in chief, and that the trial court denied the request. The appellant and the State dispute the correctness of the court reporter's transcription of the word "accept" emphasized in the above quotation. The appellant maintains the court reporter should have written "excepts." The State contends the court reporter correctly transcribed the statement of defense counsel, and contends he agreed with (accepted) the ruling of the trial court.

We abated the appeal, and referred the issue to the trial court to resolve.[2] TEX. R.APP.P. 55(a). The trial court held a hearing and received testimony from defense counsel, the court reporter, and the prosecutor. As a result of that hearing, the trial court ordered the court reporter to conform the statement of facts to reflect that the proper transcription should have been "except," not "accept."[3] The conformed statement of facts has been filed in this Court, and the words emphasized in the above quotation have been replaced with "except."

We find the appellant preserved his point of error.

### Defendant's Right to Make Opening Statement

Article 36.01, which describes the order of trial, provides in part:

(a) A jury being impaneled in any criminal action, except as provided by Subsec-

tion (b) of this article, the cause shall proceed in the following order:

\* \* \* \* \* \*

3. The State's attorney shall state to the jury the nature of the accusation and the facts which are expected to be proved by the State in support thereof.

4. The testimony on the part of the State shall be offered.

5. *The nature of the defenses relied upon and the facts expected to be proved in their support shall be stated by defendant's counsel.*

6. The testimony on the part of the defendant shall be offered.

\* \* \* \* \* \*

(b) *The defendant's counsel may make the opening statement for the defendant immediately after the attorney representing the State makes the opening statement for the State.* After the defendant's attorney concludes the defendant's opening statement, the State's testimony shall be offered. At the conclusion of the presentation of the State's testimony, the defendant's testimony shall be offered, and the order of proceedings shall continue in the manner described by Subsection (a) of this article.

(Emphasis added.) We note that nothing in article 36.01 or in any other provision of the code, provides for a situation like the one here, where the State waives an opening statement.

Before it was amended in 1987, article 36.01[4] provided the State could summarize its case against the defendant before it offered testimony; then, after the State presented its evidence, the defendant could summarize its case before he offered any evidence. By adding subsection (b) to article 36.01 in 1987, the legislature gave the defendant a choice of *when* to make its opening statement, either immediately after the State

---

2. *Winters v. State*, No. 01–91–01421–CR (Tex. App.—Houston [1st Dist.], Dec. 23, 1992) (order) (unpublished).

3. The court reporter made the following statement at the hearing: "I have no problem accepting—a-c-c-e-p-t—responsibility for the error."

4. Act of June 18, 1965, 59th Leg., R.S., ch. 722, 1965 Tex.Gen.Laws 317, 454, *amended by* Act of June 17, 1987, 70th Leg., R.S., ch. 519, § 1, 1987 Tex.Gen.Laws 2129–30.

makes its opening, or before the defendant offers testimony.

By its terms, article 36.01(b) allows the defense counsel to choose whether to make an opening statement immediately after the State's opening statement, or after the State presents testimony. *Taylor v. State,* 825 S.W.2d 518, 519 (Tex.App.—Houston [1st Dist.] 1992, pet.ref'd). Article 36.01 does not address the issue in this case: whether a defendant may make an opening statement *before the State puts on its evidence,* if the State waives its right to make an opening statement.

After we heard oral argument in this case, the Court of Criminal Appeals issued an opinion in an case with facts almost identical to those before us. *Moore v. State,* 868 S.W.2d 787 (Tex.Crim.App., Nov. 24, 1993) (not yet reported). In *Moore,* the court noted that section 36.01(a) was silent about whether the defendant could make an opening statement where the State did not present its own opening statement. Op. at 789. According to the court, "Such silence should not be construed as granting a right or privilege, since a defendant will be afforded a purely statutory right only where the statute in question actually confers that right." Op. at 790. The court also stated it was compelled to follow section 36.01 as written, and section 36.01 provided that the defendant's opening statement could be made "after the attorney representing the State makes the opening statement," not "immediately before the State's testimony is offered." Op. at 790. In conclusion, the court held that criminal defendants do not have a right to make an opening statement before the presentation of the State's case when the State does not make an opening statement. Op. at 791.

We overrule the appellant's sole point of error and affirm the trial court's judgment.