Darrell Lee **BOSTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–90–223–CR.

Court of Appeals of Texas,
Waco.

July 13, 1994.

Steven A. Kelley, Waxahachie, for appellant.

Mary Lou Shipley, County & Dist. Atty., David Sloan, Ass't County & Dist. Atty., Waxahachie, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION ON REMAND

PER CURIAM.

On original submission we reversed Darrell Lee Boston's conviction for robbery, holding that the trial court's refusal to allow Boston to make an opening statement before the State's presentation of evidence was error, and that such error was not harmless.[1]

---

1. *Boston v. State,* 833 S.W.2d 334, 336–37 (Tex. App.—Waco 1992) (citing *Arriaga v. State,* 804 S.W.2d 271, 273–74 (Tex.App.—San Antonio 1991, pet. ref'd); *Farrar v. State,* 784 S.W.2d 54, 56 (Tex.App.—Dallas 1989, no pet.)).

Subsequently, a majority of the Court of Criminal Appeals in *Moore v. State*, held that article 36.01(b) of the Code of Criminal Procedure does not afford criminal defendants the right to make an opening statement prior to presentation of the State's case when the State does not make an opening statement.[2] As a result, the Court of Criminal Appeals summarily granted the State's petition for discretionary review, reversed the judgment of this court in *Boston* and remanded the case to us for reconsideration in light of their opinion in *Moore*.[3]

In *Moore*, the Court of Criminal Appeals held that article 36.01(b) is inapplicable in cases in which the State waives opening statement.[4] On original submission, Boston raised a single point of error complaining only of the trial court's refusal to allow him to make an opening statement before the State's presentation of evidence pursuant to article 36.01(b). However, as in *Moore*, the State waived opening statement in this case. Furthermore, Boston has not filed a brief on remand urging other grounds for reversal in light of *Moore*.[5] Consequently, in accordance with the opinion and judgment of the Court of Criminal Appeals, we now affirm the judgment of the trial court.

Affirmed.

**2.** 868 S.W.2d 787, 791 (Tex.Crim.App.1993).

**3.** *Boston v. State*, 871 S.W.2d 752, 752 (Tex. Crim.App.1994).

**4.** *See Moore*, 868 S.W.2d at 790–91.

**5.** *See* 10th Tex.App. (Waco) Loc.R. 12.