**Doris Marie DIXON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–95–00113–CR.**

Court of Appeals of Texas,
San Antonio.

Dec. 31, 1996.

Michael D. Bernard, Hitchings, Pollock & Bernard, Daphne Previti, San Antonio, Student Attorney, San Antonio, for Appellant.

Angela Moore, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before RICKHOFF, HARDBERGER and DUNCAN, JJ.

## OPINION

HARDBERGER, Justice.

Doris Marie Dixon ("Dixon") was convicted by a jury of theft $750 to $20,000 and punishment was assessed at five years confinement. We reverse and remand.

### Facts

Dixon worked as a security guard at the Psychological Corporation in San Antonio, Texas during August 1993. The information systems department of the corporation contained various types of office equipment: personal computers, computer tape drive equipment, disk drive equipment, scanning equipment, and high speed printers. The corporation maintained twenty-four hour security for the building.

On the night of August 10, 1993, a fellow guard saw Dixon pulling an office chair on rollers into the parking lot with a big, brown box on top. Two days later, Dixon and an unknown male companion attempted to pawn some computer equipment at the Cash America pawn shop. The manager of the pawn shop became suspicious when Dixon called the computer monitor a "T.V." and the keyboard a "typewriter." The manager wrote down the serial numbers of the equipment— a CPU, monitor, printer, and keyboard—and called the police to see if the equipment had been stolen. While the manager was calling the police, Dixon and her male companion left at a rapid pace, taking the CPU and the printer with them. The monitor and the keyboard were left behind at the pawn shop and were returned to the Psychological Corporation. Dixon was later terminated as a security guard and prosecuted for theft of the computer equipment.

In three points of error, Dixon contends that the trial court erred in (1) refusing to grant a mistrial after the prosecution indirectly commented during closing argument on Dixon's failure to testify; (2) admitting an otherwise inadmissible document as a summary in violation of Texas Rule of Criminal Evidence 1006 as it was not a summary, nor admissible under Texas Rule of Criminal Evidence 803(6); and (3) holding the evidence to be sufficient to sustain Dixon's conviction because the evidence was insufficient to prove value as alleged in the indictment. Because Dixon's third point of error contests the sufficiency of the evidence, we will consider it first. Additionally, as points of error two and three are related, we will address them together. As we sustain Dixon's second point of error, we do not reach the merits of her first point of error.

### Discussion

Dixon contends in her third point of error that the evidence at trial was insuffi-

cient to sustain her conviction because it failed to prove theft of property valued at over $750 as charged in the indictment. In examining the sufficiency of the evidence, we review the entire record in the light most favorable to the verdict and determine whether any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Little v. State,* 758 S.W.2d 551, 562 (Tex.Crim.App.) (quoting *Alexander v. State,* 740 S.W.2d 749, 757–58 (Tex.Crim.App.1987)), *cert. denied,* 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988). It is for the jury, as the trier of fact, to assess the credibility of witnesses and the weight to be given their testimony. *Chambers v. State,* 805 S.W.2d 459, 461 (Tex.Crim. App.1991).

Dixon was indicted and convicted of theft of property valued at $750 to $20,000. It is axiomatic that the state must prove that what Dixon stole was in that range. The key witness called by the State to establish this was Ben Kucinski, director of information services for The Psychological Corporation. Kucinski testified that he recovered from the pawn shop a computer monitor and keyboard that Dixon had tried to pawn. He testified that he was able to confirm by serial numbers that these were the property of the Psychological Corporation. He said the value of these two pieces of equipment was about $440. This clearly was proof of this amount of theft. Equally clear was that this proof fell short of the required $750. It is the State's attempt to bridge this difference that comes under scrutiny in this appeal.

Kucinski was asked over Dixon's objection the following question:

Q. What was the value of the other equipment that you did not recover?

A. It was in the vicinity of between $7,000 and $8,000.

Kucinski also testified that the last audit of the equipment before the theft had been within twelve months. This established that sometime during the past year some equipment had disappeared. At this point, the missing equipment was not identified, nor was it connected to Dixon. At most, it raised an inference that if Dixon was capable of stealing something, maybe she stole it all.

 The State then introduced, again over Dixon's objection, a list of the items that were now missing that were there a year ago. This document was State Exhibit No. 1. Prior to the admission of State Exhibit No. 1, the following exchange took place between Dixon's defense counsel and the Court:

> **Defense Attorney:** Your Honor, I would object as to hearsay, and it does not fall under the exception since it is not a regular activity to produce these statements, and it is hearsay information.
>
> **The Court:** Let me see the document. Well, I am going to admit it as a summary. State's Exhibit No. 1 is admitted as a business document that he referred to.

Translating this exchange from the common language of the court environment into the rules of criminal evidence we find the following:

> **Defense Attorney:** I'm objecting to this document because it violates Rule 802 of the Rules of Criminal Evidence (the hearsay rule) and does not meet the exception of Rule 803(6) (the business records exception to the hearsay rule).
>
> **The Court:** And I'm overruling your objection and admitting the document because it is a summary under Rule 1006 of the Rules of Criminal Evidence and does meet the requirements of Rule 803(6) of the Rules of Criminal Evidence and is, therefore, an exception to the general prohibition against hearsay.

The above technical dialogue did not happen, but we feel it is a fair application of the rules to what was actually said and meant.

Conceptually, Rule 1006 is considerably removed from Rules 802 and 803 and is subservient to them and other rules of admissibility. This is so because whether it is a summary or not, it still must be admissible. The character of hearsay, inadmissible or admissible, is not changed because it is a summary. Rule 1006 provides:

> The contents of voluminous writings, recordings, or photographs, *otherwise admissible,* which cannot conveniently be ex-

amined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.

TEX.R.CRIM. EVID. 1006 (emphasis added).

The purpose of the summary rule is ease of handling the exhibits. It allows voluminous materials to be summarized and brought into court when the summary is accurate and will do the same job as the massive originals. Summary or original, it still must be admissible. In this case, the document must be admissible under Rule 803(6), Records of Regularly Conducted Activity. The parties spend some time in their briefs discussing whether this was a summary and, if it was, whether a timely objection was made to the summary. We need not decide this issue because the real argument is not the accuracy of the summary, or whether the summary objection was timely, but whether the list of accumulated missing items described in State Exhibit No. 1 is admissible under Rule 803(6). Dixon did preserve error on whether the underlying records would be admissible as a business record of the Psychological Corporation and it is this point on which we decide the case.

Texas Rule of Criminal Evidence 803(6), the business records exception to the hearsay rule, permits a party to introduce the records of a regularly conducted activity if the custodian, or other qualified witness, testifies the records are: (1) made at or near the time by a person with knowledge of the event or activity; (2) kept in the course of a regularly conducted business; and (3) made in the regular practice of that business. TEX. R.CRIM. EVID. 803(6); see Lee v. State, 779 S.W.2d 913, 917 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). The State relies on the testimony of Kucinski in claiming that its exhibit was properly admitted as a business record. Kucinski testified that he was the custodian of the corporation's records regarding the computer equipment that it owned, that the records were kept in the ordinary course of business, and that the records were made by persons with knowl-

edge of the events at or near the time the events occurred.

Although this testimony appears to lay a proper predicate for introduction of State Exhibit No. 1 as a business record, there is a problem. Kucinski was referring to the corporation's records showing the computer equipment *owned* by the corporation, not documents, such as Exhibit No. 1, listing equipment that was missing. Specifically, the following testimony was elicited:

Q. And you maintain some sort of inventory, is that what you do?

A. Yes.

Q. Okay, is this a document that—is the type of document or is this the document that you regularly produce in the course of your business and day-to-day activities?

A. No.

Q. Was this done specifically for an investigation into this loss?

A. Yes, it was. We were to document all of the missing items.

Q. Okay, and the material on here, this—the items that are listed on here, these are not things that you have personal knowledge of, are they? They were just reported to you as missing and your staff compiled it?

A. Yes.

We hold that the list of missing items, as tendered, does not comply with Rule 803(6), and State's Exhibit No. 1 should not have been admitted.

Without State's Exhibit No. 1, the testimony of the pawn shop manager, George Millard, also does not establish value. Millard took down the serial numbers of the items that Dixon attempted to pawn, but no values are shown. The values were only shown on the inadmissible State's Exhibit No. 1. In the end, Dixon is only shown to have stolen equipment valued at $440. This requires reversal. Dixon's second point of error is sustained.

■ In determining the sufficiency of the evidence to support the indictment, we must deal with the inadmissibility of State's Exhibit No. 1. The principal thrust of Dixon's

argument is that without the admission of State's Exhibit No. 1, there is insufficient evidence. The question of whether inadmissible evidence, which erroneously came before the jury, can be considered in a sufficiency-of-the-evidence analysis continues to be a source of discussion among appellate scholars. This court said in 1991: "The issue of whether an appellate court in Texas should consider objected-to hearsay evidence when reviewing the sufficiency of the evidence is open to question." *Arriaga v. State*, 804 S.W.2d 271, 277 n. 5 (Tex.App.—San Antonio 1991, pet. ref'd). Earlier decisions, though, have been more definitive:

> In assessing the sufficiency of the evidence to support a conviction, *a reviewing court must consider all evidence* which the jury was permitted, whether rightly or wrongly, to consider."

*Thomas v. State*, 753 S.W.2d 688, 695 (Tex.Crim.App.1988)(emphasis in original).

■ We believe this to be the better approach and, in fact, the one followed by this court. For example, in *Loserth v. State*, 931 S.W.2d 322 (Tex.App.—San Antonio 1996, pet. filed), we ruled an in-court identification inadmissible, but considered the identification when assessing the sufficiency point: "Although the subsequent points of error seek to exclude some evidence that went to the jury, and include some evidence that did not, our review of factual insufficiency is done with a view as to what the jury actually heard without consideration of the two other points of error." *Id.* at 324. As we did in *Loserth*, we do here. State's Exhibit No. 1 is considered as the jury saw it. With the inclusion of this exhibit, the evidence is sufficient to support the conviction. Dixon's third point of error is overruled. We reverse and remand on Dixon's second point of error, though, because without State's Exhibit One, there is a failure to prove that there was a theft of property valued at over $750 as charged in the indictment.

DUNCAN, J., dissents.

DUNCAN, Justice, dissenting.

I respectfully dissent. The evidence, with or without State's Exhibit 1, is plainly suffi-cient to support Dixon's conviction, and the trial court properly refused Dixon's request for a mistrial. I would therefore affirm the judgment.

### STATE'S EXHIBIT 1

In his second point of error, Dixon complains the trial court erred in admitting State's Exhibit 1, an otherwise inadmissible document, as a summary in violation of Texas Rule of Criminal Evidence 1006. However, as demonstrated below, Dixon's counsel plainly waived any error in admitting the exhibit as a summary by failing to object on this ground until long after the exhibit was admitted. *See* Tex.R.App. P. 52(a); *see also, e.g., Garcia v. State*, 887 S.W.2d 862, 877 (Tex.Crim.App.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995). The only preserved complaint before this court, therefore, is whether the underlying records would be admissible as a business record of The Psychological Corporation. I would hold that the exhibit was admissible and overrule Dixon's second point of error.

### *Factual and Procedural Background Pertinent to State's Exhibit 1*

At the time of trial, Ben Kucinski was the Director of Information Systems at The Psychological Corporation. As such, Kucinski has approximately fifteen employees reporting to him, and they are responsible for all micro-processor equipment owned by the company, as well as the data base architecture and programming. Kucinski is therefore in charge of maintaining an inventory of all of the company's computer equipment. He is also the custodian of the computer inventory records, which are kept in the regular course of business and the entries which are made by persons with knowledge of the information at or near the time the equipment is acquired by the company. At just the Zarzamora building (one of the company's four locations), the company maintains approximately eighty computers.

State's Exhibit 1 is a list of computer hardware (make, model, serial number, and value) and software (type, quantity, and value) that was missing from the company's Zarzamora building on August 9, 1993—the

day before a security guard saw Dixon leaving the building with an office chair loaded with a big, brown box. The information reflected on State's Exhibit 1 was collected by two of Kucinski's staff members, and typed by his secretary, at Kucinski's direction. Kucinski reviewed the list and signed it.

After Kucinski explained the preparation of State's Exhibit 1, the State offered it into evidence. Dixon's attorney objected on the sole ground that it was hearsay. The trial judge overruled the objection, stating that she would "admit it as a summary. State's Exhibit No. 1 is admitted as a business document that he referred to." Later, during cross-examination of Kucinski, Dixon's counsel asked that, "[i]f [State's Exhibit 1] is being offered or accepted as a summary," then it be partially redacted. The trial court granted the request, and the trial proceeded. It was not until court had been recessed for the day that Dixon's counsel objected to the admission of State's Exhibit 1 as a summary. The trial judge overruled the objection, stating "[y]ou are too late." At no point in the trial court or in this court has Dixon complained of the admission of the testimony relating to the information reflected on State's Exhibit 1.

### Standard of Review

A trial court's ruling on the admissibility of evidence is subject to an abuse of discretion standard of review. *Coffin v. State,* 885 S.W.2d 140, 149 (Tex.Crim.App.1994). An abuse of discretion will be found "only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State,* 842 S.W.2d 667, 682 (Tex.Crim.App.1992), *cert. denied,* 509 U.S. 926, 113 S.Ct. 3046, 125 L.Ed.2d 731 (1993). Even if the trial court's reason for its ruling is incorrect, the ruling will be upheld if it is permissible under any theory applicable to the case. *See Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App.1990) (en banc).

### Admissibility

Effective September 1, 1986, the Texas Rules of Criminal Evidence govern the admissibility of hearsay. *Lucas v. State,* 721

S.W.2d 315, 318 n. 3 (Tex.Crim.App.1986). Rule 803(6) provides:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

**(6) Records of Regularly Conducted Activity.** A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule 902(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. "Business" as used in this paragraph includes any and every kind of regular organized activity whether conducted for profit or not.

Kucinski's testimony clearly supports the admission of the records underlying State's Exhibit 1. I would, therefore, overrule Dixon's second point of error.

### SUFFICIENCY OF THE EVIDENCE

In his third point of error, Dixon complains that the evidence is legally insufficient to support his conviction because State's Exhibit 1 was inadmissible to prove value, an essential element of the offense. I disagree and would therefore overrule this point of error.

I admit to being completely mystified by the majority's discussion of footnote five in *Arriaga v. State,* 804 S.W.2d 271, 277 n. 5 (Tex.App.—San Antonio 1991, pet. ref'd). The law is clear: "In assessing the sufficiency of the evidence to support a conviction, *a reviewing court must consider all evidence* which the jury was permitted, **whether rightly or wrongly,** to consider. .... **In the event a portion of this evidence was erroneously admitted, the accused may**

complain on appeal of such error. If his complaint has merit and the error is reversible, ..., a new trial should be ordered." *Id.* (emphasis added) (quoting *Thomas v. State,* 753 S.W.2d 688, 695 (Tex. Crim.App.1988) and citing *Villalon v. State,* 791 S.W.2d 130 (Tex.Crim.App.1990)).

Under the proper scope of review set forth in *Thomas,* and the well-settled standard of review set forth in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979), the evidence is plainly sufficient to support Dixon's conviction if State's Exhibit 1 is considered. In my view, however, State's Exhibit 1 is not critical to a legal sufficiency analysis for two independent reasons. First, the jury had before it ample unobjected-to testimony regarding value. Second, the jury could, in any event, have reasonably inferred from the evidence of the monitor and keyboard values that a CPU and printer would be worth at least $310. I would, therefore, overrule Dixon's third point of error.

### COMMENT ON DIXON'S FAILURE TO TESTIFY

In his first point of error, Dixon complains that the trial court erred in denying his motion for a mistrial after the prosecutor made the following closing argument:

> Prosecutor: Basically we have proven all of the elements in the case beyond a reasonable doubt in this case, and we are going to ask that you find the defendant guilty of theft. When the criminal defense lawyer gets up, ask him though to explain to you why the defendant was seen wheeling a large box out on the very night that the items were stolen and ask him to explain to you why it was that the defendant showed up at a pawn shop—

I disagree with Dixon's assertion that this argument required a mistrial.

The privilege against self-incrimination, extended by the Fifth Amendment to the United States Constitution, as well as article I, section 10 of the Texas Constitution, prohibits comments by counsel of his exercise of the privilege. TEX.CODE CRIM. PROC. ANN. art. 38.08 (Vernon 1979). The standard for evaluating whether such a comment violates an accused's constitutional and statutory rights is whether, "viewed from the standpoint of the jury," the argument is " 'manifestly intended or of such a character that the jury would necessarily and naturally take it as a comment on the accused's failure to testify.' ... A mere indirect or implied illusion to the accused's failure to testify does not violate appellant's rights. A remark that calls attention to the absence of evidence which only the defendant could supply will result in reversal; however, if the language can reasonably be construed to refer to appellant's failure to produce evidence other than his own testimony, the comment is not improper." *Patrick v. State,* 906 S.W.2d 481, 490–91 (Tex.Crim.App.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1323, 134 L.Ed.2d 475 (1996) (quoting *Banks v. State,* 643 S.W.2d 129, 134–35 (Tex.Crim.App.1982), *cert. denied,* 464 U.S. 904, 104 S.Ct. 259, 78 L.Ed.2d 244 (1983)).

In my view, the prosecutor's argument could reasonably be viewed, from the standpoint of the jury, as a comment not on Dixon's failure to testify, but on his failure to produce evidence from other sources, such as his companion at the pawn shop. I would, therefore, overrule Dixon's first point of error and affirm the judgment.