**Opinion issued October 10, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00297-CR

————————————

**PATRICK MICHAELS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Court Cause No. 13-02-01755-CR

## MEMORANDUM OPINION

In 2002, a court issued a civil commitment order after it found Patrick Michaels to be a sexually violent predator. Trial courts reviewed and modified the order each biennium. In 2013, a jury found Michaels guilty of violating the terms of the applicable order. The trial court assessed Michaels' punishment at twenty years' confinement. On appeal, Michaels contends that the trial court erred in admitting evidence of: 1) supervision requirements for his treatment program; 2) his absence without leave from the U.S. Air Force; and 3) orders modifying the terms of his civil commitment. He further contends that the evidence is insufficient to support the verdict because the State failed to establish proper venue. Finding no reversible error, we affirm.

### Background

In April 2002, a trial court adjudicated Michaels to be a sexually violent predator, and it ordered him civilly committed under Chapter 841 of the Texas Health and Safety Code. TEX. HEALTH & SAFETY CODE ANN. § 841.081 (West 2010). Pursuant to that order, the trial court reviewed Michaels' status biennially to determine whether it should modify or terminate his commitment. The order required that Michaels attend and complete a sexually violent predator treatment program. In July 2012, the supervisors at the treatment program discharged Michaels, because he did not comply with a number of the program's

requirements. The State subsequently indicted Michaels for violating the civil commitment order.

## Discussion

### I.    Admission of evidence.

We first examine Michaels' challenges to the trial court's evidentiary rulings.

*Standard of review*

We review a trial court's decision to admit or exclude evidence for abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court abuses its discretion only if its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008). A trial court does not abuse its discretion if some evidence supports its decision. *See Osbourn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002). We uphold a trial court's evidentiary ruling if it was correct on any theory of law applicable to the case. *See De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

*Supervision requirements*

The trial court admitted, as business records, documents outlining the requirements of Michaels' treatment program. Billy Barnes, Michaels' treatment supervisor, testified that the treatment facility kept records reflecting that Michaels

had been instructed about, and was aware of, the requirements of his treatment program. Barnes explained the rules to Michaels, and Michaels signed an acknowledgement that he was aware of them. Barnes conceded that he was aware that the supervision requirements could be a subject of litigation and that the documents might be used in a prosecution.

Michaels objects that these records were created in anticipation of litigation, thus arguing that they are hearsay not admissible under the business records exception. *See* TEX. R. EVID. 803(6). He relies on *Palmer v. Hoffman*, in which the United States Supreme Court held that an investigative report about a train accident by the company that operated the train was prepared in anticipation of litigation and therefore not a business record. *Palmer v. Hoffman*, 318 U.S. 109, 115, 63 S. Ct. 477, 481 (1943). He also cites *Dixon v. State*, in which the San Antonio Court of Appeals held that a document listing missing equipment prepared pursuant to the investigation of lost property was not a business record for purposes of Rule 803(6). *Dixon v. State*, 940 S.W.2d 192, 195 (Tex. App.—San Antonio 1996, no pet.).

*Palmer* and *Dixon* are distinguishable. In contrast to the records in those cases, the records prepared in this case were created before Michaels violated the conditions of his civil commitment order. Thus, the records were not the result of an investigation of an incident or made in anticipation of litigation. Rather, the

documents were created and kept to advise both Michaels and his supervisor of the requirements of Michaels' treatment program required by the civil commitment order. Accordingly, the trial court was within its discretion to admit the records. *See* TEX. R. EVID. 803(6).

*Absenteeism*

Michaels next contends that the trial court erred in allowing testimony that he went absent without leave from the United States Air Force, because the State did not notify him of its intent to proffer the evidence, as required by Rule 404(b), and the evidence is unfairly prejudicial under Rule 403. *See* TEX R. EVID. 403, 404(b).

Michaels is correct that Rule 404(b) provides that a defendant should receive notice of the State's intent to seek admission of extraneous bad acts, but the defendant must request such notice before the State is required to give it. *See Espinosa v. State,* 853 S.W.2d 36, 39 (Tex. Crim. App. 1993); *see* TEX. R. EVID. 404(b). The record includes no indication that Michaels requested notice of evidence of extraneous acts that the State planned to introduce; thus, no notice was required. *See Espinosa*, 853 S.W.2d at 39.

Moreover, the State did not offer evidence of Michaels' absenteeism as character evidence but rather to prove Michaels' identity. Michaels' absenteeism is the event which led to him changing his name from John Curtis Ball to Patrick

Michaels. This evidence is relevant as to Michaels' identity; thus, it was admissible to prove identity and not for conformity of character with prior bad acts. *See* TEX R. EVID. 404(b).

Even if evidence is admissible under Rule 404(b), it may be inadmissible under Rule 403, because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, considerations of undue delay, or needless presentation of cumulative evidence. *Casey v. State,* 215 S.W.3d 870, 879 (Tex. Crim. App. 2007); TEX. R. EVID. 403.

Even assuming that the trial court should have limited the evidence to the name change, and disallowed any discussion that it was precipitated by a military absence without leave, Texas Rule of Appellate Procedure 44.2(b) states that non-constitutional error "that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b). The erroneous admission of evidence does not affect substantial rights "if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002); *Martinez v. State*, No. 01-10-00622-CR, 2011 WL 5026457, at *3 (Tex. App.—Houston Oct. 20, 2011, pet. ref'd) (mem. op., not designated for publication). In determining the extent to which the error influenced the jury, we consider the entire record, the nature of the evidence supporting the verdict, the character of the

alleged error and its connection with other evidence in the case, and whether the State emphasized the error. *Motilla*, 78 S.W.3d at 355-56.

The State did not emphasize Michaels' absenteeism and did not draw any connection between this piece of evidence and any other evidence presented. The State mentioned Michaels' absenteeism only once in its closing argument. There is nothing from the record to suggest that the admission of the evidence of Michaels' absenteeism had any deleterious effect upon the jury. We hold that any error in the admission of this evidence was harmless.

*Prior court orders*

Michaels contends that the trial court erred in admitting the orders modifying the terms of his civil commitment, because he lacked a required notice before the hearings for those modifications. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.082(e) (West 2010) (providing a notice and a hearing to each affected party when civil commitment orders are modified). He argues that, under Article 38.23(a) of the Code of Criminal Procedure, no evidence obtained in violation of any state or federal law can be admitted against the accused, and without proper notice in the earlier proceedings, the orders constitute illegally obtained evidence. TEX. CODE CRIM. PROC. ANN. Art. 38.23(a) (West 2005). If evidence is obtained legally, however, then its admission into evidence does not violate Article 38.23(a). *Chavez v. State*, 9 S.W.3d 817, 820 (Tex. Crim. App. 2000); *Johnson v.*

*State,* 871 S.W.2d 744, 751 (Tex. Crim. App. 1994). But Michaels makes no showing that the State obtained the modification orders in violation of any state or federal law. Michaels complains about the procedure in prior proceedings, not about the manner in which the State obtained this evidence. Accordingly, the trial court was within its discretion to admit the orders modifying the terms of Michaels' civil commitment.

## II.    Legal sufficiency.

Second, Michaels challenges the trial court's denial of his motion for a directed verdict, arguing that his conviction is legally insufficient because the State failed to produce evidence about the location of the offense.

### *Standard of review*

A challenge to the trial court's ruling on a motion for a directed verdict is a challenge to the sufficiency of the evidence to support the conviction. *Madden v. State,* 799 S.W.2d 683, 686 (Tex. Crim. App. 1990). We review both legal and factual sufficiency challenges under the same standard of review. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact-finder could have found each essential element of the charged offense proven beyond a reasonable doubt. *See*

*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).

*Analysis*

Article 13.315 of the Code of Criminal Procedure states, "[a]n offense under Section 841.085, Health and Safety Code, may be prosecuted in the county in which any element of the offense occurs or in Montgomery County." TEX. CODE CRIM. PROC. ANN. Art. 13.315 (West Supp. 2012). Section 841.085 governs the penalty of sexually violent predators in violation of a civil commitment requirement. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.085 (West 2010). Thus, Montgomery County is a statutorily appropriate venue under § 841.085. Michaels contends that the witnesses failed to affirm that the offenses occurred in Montgomery County. However, because Michaels was indicted and tried under § 841.085 of the Health and Safety Code, the State did not need to prove that an element of the offense occurred in Montgomery County as Montgomery County is a statutorily appropriate venue without regard to the location of the offense. Accordingly, we hold that the trial court did not err in denying Michaels' motion for a directed verdict.

## Conclusion

We conclude that none of Michaels' evidentiary challenges warrant appellate relief. We further conclude that the trial court did not err in denying a directed verdict based on a challenge to venue in Montgomery County. We therefore affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).