ACCEPTED
05-15-00112-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
6/25/2015 5:28:59 PM
LISA MATZ
CLERK

CASE NO. 05-15-00112-CR

IN THE COURT OF APPEALS FOR THE FIFTH JUDICIAL DISTRICT OF
TEXAS, AT DALLAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
6/25/2015 5:28:59 PM
LISA MATZ
Clerk

**MICHAEL SHANE CAMACHO**
Appellant

V.

**THE STATE OF TEXAS**
Appellee

From the County Court at Law No. 6 of Collin County, State of Texas, in Cause
No. 006-80675-2014, the Honorable Judge Jay Bender Presiding

# Brief on Appeal

Submitted by:

**Karen Chesley**
Chesley & Perales, PC
1415 Harroun Avenue
McKinney, Texas  75069
Office:  972-292-7130
Fax:  888-400-0214
Email:  karen@chesleyperaleslaw.com
State Bar of Texas No. 24036361

Attorney for Appellant, Michael Camacho

**Oral Argument Not Requested**

# IDENTITY OF PARTIES AND COUNSEL

## Appellant

**Michael Shane Camacho**
1605 N. College Street
McKinney, Texas 75069

| **Trial Counsel** | **Appellate Counsel** |
|---|---|
| Danny Ray McDaniel | Karen Chesley |
| SBOT: 24065710 | SBOT: 24036361 |
| Law Office of Danny McDaniel | Chesley & Perales, PC |
| SBOT: 24065710 | SBOT: 24036361 |
| 6675 Mediterranean Dr, Suite 405 | 1415 Harroun Avenue |
| McKinney, Texas 75070 | McKinney, Texas 75069 |
| | |
| Katherine Gore | Piper McCraw |
| SBOT: 24007640 | SBOT: 24045261 |
| Law Offices of Katherine Gore | Piper McCraw, PC |
| 1415 Harroun Avenue | 1504 First Avenue |
| McKinney, Texas 75069 | McKinney, Texas 75069 |

Wesley William Desmond
SBOT: 24087410
2770 W. Main Street, Suite 216
Frisco, Texas 75033

## State of Texas
Hon. Greg Willis
Criminal District Attorney
Collin County, Texas
2100 Bloomdale Road, Suite 100
McKinney, Texas 75071

| **Trial Counsel** | **Appellate Counsel** |
|---|---|
| Jackson David McMinn | John Rolater |
| SBOT: 24080023 | SBOT: 00791565 |
| Christian Drake | |
| SBOT: 24071494 | |

Appellant's Brief on Appeal                                                                 i
Michael Shane Camacho, Appellant v. The State of Texas, Appellee
Case No. 05-15-00112-CR

# TABLE OF CONTENTS

Identity of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . iv

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Statement of the Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary of the Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Arguments and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    Point of Error Number One . . . . . . . . . . . . . . . . . . . . . . . . . 4

    Point of Error Number Two . . . . . . . . . . . . . . . . . . . . . . . . 10

Prayer for Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Appellant's Brief on Appeal                                           ii
Michael Shane Camacho, Appellant v. The State of Texas, Appellee
Case No. 05-15-00112-CR

# INDEX OF AUTHORITIES

**Cases:**

*Cantu v. State*, 842 S.W.2d 667 (Tex. Crim. App. 1992) . . . . . . . . . . . . . . 6

*Coffin v. State*, 855 S.W.2d 140 (Tex. Crim. App. 1994) . . . . . . . . . . . . . . 5

*Cooks v. State*, 844 S.W.2d 697 (Tex. Crim. App. 1992) . . . . . . . . . . . . 13

*Dixon v. State*, 940 S.W.2d 192 (Tex. App. – San Antonio, 1996) . . . . . . . . 7

*Hardy v. State*, 71 S.W.3d 535 (Tex. App. – Amarillo, 2002) . . . . . . . . . . 7

*Huff v. State*, 897 S.W.2d 829 (Tex. App. – Dallas, 1995) . . . . . . . . . . 11,13

*King v. State*, 953 S.W.2d 266 (Tex. Crim. App. 1997) . . . . . . . . . . . . . . 6

*Madden v. State*, 721 S.W.2d 859 (Tex. Crim. App. 1986) . . . . . . . . . . . 11

**Statutes and Rules:**

TEX. CODE CRIM. PROC. ART. 42.12, SEC. 4 . . . . . . . . . . . . . . . . . . . 12

TEX. CODE CRIM. PROC. ART. 62.102 . . . . . . . . . . . . . . . . . . . . . . 12

TEX. PENAL CODE SEC. 15.031 . . . . . . . . . . . . . . . . . . . . . . . . . . 12

TEX. PENAL CODE SEC. 22.021 . . . . . . . . . . . . . . . . . . . . . . . . . . 12

TEX. PENAL CODE SEC. 31.03 . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

TEX. R. EVID. R. 802 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

TEX. R. EVID. R. 803(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,7,8,9

TEX. R. APP. PROC. 44.2 (b) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Appellant's Brief on Appeal                                                                                    iii
Michael Shane Camacho, Appellant v. The State of Texas, Appellee
Case No. 05-15-00112-CR

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested. The dispositive issues have been authoritatively decided, and the facts and legal arguments are adequately presented in the brief and record. As such, oral argument would not aid this Court's decisional process.

## STATEMENT OF THE CASE

Michael Camacho (hereinafter referred to as "Camacho") was charged by Information on January 24, 2014 for the offense of Theft of Property over $50 less than $500. (CR Vol. 1: P. 8). Camacho pleaded not guilty, and a jury trial was held January 5, 2015, before Judge Jay Bender. (RR Vol. 2: P. 99). The jury found Appellant guilty on January 5, 2015 and the jury sentenced him to 180 days in jail and a $2000 fine. (RR Vol. 2: P. 196); (RR Vol. 3: P. 12); (CR Vol 1: P. 47).

Camacho timely filed notice of appeal on January 27, 2015, and a motion for a new trial on January 27, 2015. (CR Vol.1: Pgs. 58, 60-61). The court neither granted nor denied the motion, instead allowing it to be overruled by operation of law after 75 days.

Appellant's Brief on Appeal                                                                 iv
Michael Shane Camacho, Appellant v. The State of Texas, Appellee
Case No. 05-15-00112-CR

# ISSUES PRESENTED

1. The trial court erred in admitting an "Incident Reporting" report, marked as State's Exhibit No. 1 as a business records exception to hearsay under Rule 803(6) of the Texas Rules of Evidence.

2. The prosecutor for the State made an improper argument to the jury during closing arguments of the punishment phase at trial. The prosecutor remarked that Appellant was probation eligible and failed to submit an application for probation in order to avoid supervision while on probation. However, Appellant was legally ineligible to receive probation from the jury because of one or more prior felony conviction.

Appellant's Brief on Appeal                                                                                            v
Michael Shane Camacho, Appellant v. The State of Texas, Appellee
Case No. 05-15-00112-CR

CASE NO. 05-15-00112-CR

IN THE COURT OF APPEALS FOR THE FIFTH JUDICIAL DISTRICT OF
TEXAS, AT DALLAS

Michael Shane Camacho
Appellant

v.

The State of Texas
Appellee

# APPELLANT'S BRIEF ON APPEAL

## STATEMENT OF FACTS

Charles Addison Robertson works as an Asset Protection employee for Sam's Clubs and Walmart Stores. (RR Vol. 2: P. 107-108). The job consists of walking the store floors and investigating suspicious behavior, particularly theft incidents. (RR Vol. 2: Pgs. 108-109). On November 12, 2013, Robertson observed a subject approach the special edition blu-ray DVD movies featured on an end-cap by the registers. (RR Vol. 2: P. 109). Robertson observed the subject take two of the same titled DVDs (Man of Steel) and place them into a shopping basket. (RR Vol. 2: Pgs. 109, 111). This appeared suspicious to Robertson. (RR Vol. 2: P. 109). Thereafter, Robertson continued surveillance of the subject. (RR Vol. 2: P. 110).

Appellant's Brief on Appeal                                                                 pg. 1
Michael Shane Camacho, Appellant v. The State of Texas, Appellee
Case No. 05-15-00354-CR

Robertson observed the subject walk across the center section toward the dry grocery section where the subject took the DVDs and placed them inside the subject's jacket. (RR Vol. 2: P. 117-118). The subject left the cart on the aisle and walked toward the front of the store to the exit doors. (RR Vol. 2: P. 118). The subject exited the store when Robertson, along with a trainee, approached the subject and asked the subject to come back inside the store. (RR Vol. 2: P. 119). Robertson had a bit of a physical altercation with the subject and discontinued the surveillance because of safety reasons. (RR Vol. 2: P. 119). Robertson obtained the license plate number of the subject's vehicle. (RR Vol. 2: P. 120).

After discontinuing the surveillance, Robertson contacted the McKinney Police. (RR Vol. 2: P. 120). Robertson made contact with Officer Jenkins and reported the theft incident. (RR Vol. 2: P. 120).

At trial, the State offered into evidence, State's Exhibit No. 1, which was titled "Incident Reporting" report. (RR Vol. 2: P. 113); (RR Vol. 4: State's Exhibit 1). Robertson prepared the report after the police responded to the incident. (RR Vol. 2: Pgs. 112, 115). The "Incident Reporting" report was a 4-page report that contained factual details of the alleged theft offense committed by Appellant on November 12, 2013. (RR Vol. 4: State's Exhibit 1). The report was

Appellant's Brief on Appeal                                                    pg. 2
Michael Shane Camacho, Appellant v. The State of Texas, Appellee
Case No. 05-15-00354-CR

made for the theft incident and given to Officer Jenkins. (RR Vol. 4: State's Exhibit 1 (pg. 4 of 4)).

Robertson did not have personal knowledge of the value of the stolen DVDs from the theft incident. (RR Vol. 2: P. 115). During trial, Robertson testified that the total value of the stolen DVDs was $59.56 only after reviewing State's Exhibit No. 1. (RR Vol. 2: P. 116).

After the close of evidence and jury deliberations, the jury found Appellant guilty of the theft offense as charged. (RR Vol. 2: P. 196). In the State's case-in-chief of the punishment phase, the State offered into evidence State's exhibits Nos. 3 and 4. State's exhibit No. 3 was a judgment of conviction against the Appellant for the offenses of Aggravated Sexual Assault of a Child and Solicitation of a Minor. (RR Vol. 2: P. 201); (RR Vol. 4: State's exhibit No. 3). State's Exhibit No. 4 was a judgment of conviction against Appellant for the offense of Duty to Register as a Sex Offender. (RR Vol. 2: P. 201); (RR Vol. 4: State's Exhibit No. 4). During closing arguments to the jury, the prosecutor for the State stated,

> "This man is a criminal. That's what he does. He deserves the maximum amount of fine. Believe it or not, this is a probation-eligible case. If he had submitted the proper documentation to the Judge, you'd be considering probation. But he didn't submit that because he doesn't want to be on probation. Because he doesn't want to have someone looking over his shoulder. He just wants punishment." (RR Vol. 3: P. 10).

Appellant's Brief on Appeal                                                                pg. 3
Michael Shane Camacho, Appellant v. The State of Texas, Appellee
Case No. 05-15-00354-CR

At the conclusion of the punishment phase and jury deliberations, the jury assessed punishment at 180 days confinement in the county jail and a fine of $2,000.00. (RR Vol. 3: P. 12).

## SUMMARY OF THE ARGUMENTS

**Point of Error Number One:**

The trial court erred in admitting an "Incident Reporting" report (marked as State's Exhibit 1) as a business records exception to hearsay under Rule 803 (6) of the Texas Rules of Evidence. Said "Incident Reporting" report was prepared in anticipation of litigation, and it was not kept in the ordinary course of business.

**Point of Error Number Two:**

During closing argument during the punishment phase of trial, the prosecutor stated that the Appellant was probation eligible and failed to submit an application for probation. However, Appellant was legally ineligible to receive probation from a jury because of one or more prior felony convictions. The prosecutor's argument was manifestly improper. The argument also injected new and harmful facts into evidence, which amounts to reversible error.

## ARGUMENTS AND AUTHORITIES

### I.     Point of Error Number One (Restated):

Appellant's Brief on Appeal                                                                pg. 4
Michael Shane Camacho, Appellant v. The State of Texas, Appellee
Case No. 05-15-00354-CR

The trial court erred in admitting an "Incident Reporting" report (marked as State's Exhibit No. 1) as a business record exception to hearsay under Rule 803 (6) of the Texas Rules of Evidence.

## A. Standard of Review and Applicable Law:

Under Rule 802 of the Texas Rules of Evidence, "Hearsay is not admissible except as provided by statute or these rules prescribed pursuant to statutory authority." TEX. R. EVID., Rule 802. Rule 803 (6) of the Texas Rules of Evidence states:

> "the following are not excluded from the hearsay rule . . . **Records of Regularly Conducted Activity.** A memorandum, report, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule 902(10), unless the source of the information or the method of circumstances of preparation indicate a lack of trustworthiness. "Business" as used in this paragraph includes any and every kind of regular organized activity whether conducted for profit of not." TEX. R. EVID. , Rule 803(6).

The trial court is the arbiter on whether hearsay is admissible as an exception to the rules on hearsay. *Coffin v. State*, 855 S.W.2d 140, 149 (Tex. Crim. App. 1994). As such, a trial court's error in admitting evidence under a hearsay exception rule is reviewable only by an appellate court under an abuse of discretion

Appellant's Brief on Appeal                                                pg. 5
Michael Shane Camacho, Appellant v. The State of Texas, Appellee
Case No. 05-15-00354-CR

standard. *Id.* An abuse of discretion occurs when the trial court's "decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992).

Under Rule 44.2(b), Texas Rules of Appellate Procedure, any non-Constitutional error that does not affect substantial rights of the appellant is to be disregarded. *See* TEX. R. APP. PROC. Rule 44.2(b). A "substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

### B. Analysis:

In the instant case, State's Exhibit 1 was admitted into evidence as a business record exception to the hearsay rule over objections by Appellant's trial counsel. (RR Vol. 2: Pgs. 115-116). State's Exhibit 1 is labeled as "Incident Reporting" report, and consists of a 4-page report prepared by Charles Robertson, an asset protection employee for Sam's Club, regarding the theft incident against Appellant on November 12, 2013. (RR Vol. 4: State's Exhibit 1). The "Incident Reporting" report contained a narrative of the facts of the incident and details of the stolen merchandise, including the value. *Id.* The "Incident Reporting" report was provided to Officer Jenkins of the McKinney Police Department. *Id.*

Appellant's Brief on Appeal                                                                     pg. 6
Michael Shane Camacho, Appellant v. The State of Texas, Appellee
Case No. 05-15-00354-CR

Rule 803(6), Texas Rules of Evidence, indicates that the business records rule exception to hearsay applies to reports that are "kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the . . . report . . ." *See* TEX. R. EVID. Rule 803(6). As such, a business record or report falls outside the scope of Rule 803(6) when it is not kept in the course of a regularly conducted business activity, and it was not the regular practice of that business to make such report.

Texas Courts of Appeals have held that documents made in anticipation of litigation do not fall within the category of a business record under Rule 803(6). *See Hardy v. State*, 71 S.W.3d 535, 537 (Tex. App. – Amarillo, 2002) (*citing Dixon v. State*, 940 S.W.2d 192, 195 (Tex. App. – San Antonio, 1996)). In *Hardy v. State*, 71 S.W.3d 535, the Court of Appeals in Amarillo held that a document created solely for the purpose of prosecuting criminal charges against the appellant was made "in anticipation of litigation," and hence it does not fall within the business records exception to hearsay under Rule 803 (6). *Id. at 537*. In *Dixon v. State*, 940 S.W.2d 192, the Court of Appeals in San Antonio found that a company's document prepared specifically for an investigation of the company's loss, and not made in the course of business day-to-day activities, does not comply with Rule 803(6). *Id. at 195*.

Appellant's Brief on Appeal                                                                 pg. 7
Michael Shane Camacho, Appellant v. The State of Texas, Appellee
Case No. 05-15-00354-CR

In applying the Courts of Appeals cases of *Hardy* and *Dixon*, to this case, Appellate argues that the "Incident Reporting" report (State's Exhibit 1) does not fall within Rule 803(6). The alleged theft occurred at a Sam's Club store in McKinney, Texas. Sam's Club is a retail store which is regularly involved in the business of selling goods, including clothing, food, and electronics.

The "Incident Reporting" report was not made or kept in the regular course of business for Sam's Club, and it was not the regular practice of Sam's Club to make such a report. Further, the "Incident Reporting" report was made solely for the purpose and anticipation of litigation, specifically for the criminal prosecution of Appellant for the offense of theft.

The "Incident Reporting" report is a 4-page report prepared by the Asset Protection Employee (herein after referred to as "APE") for Sam's Club. (RR Vol. 2: Pgs. 111-112); (RR, Vol. 4: State's Exhibit 1). The "APE's" job responsibilities and duties differ entirely from the vast majority of the other employees in the store. The "APE's" primary responsibility involves monitoring store activity in an attempt to thwart theft, and this activity by the "APE" is not the business activity that Sam's Club is regularly involved in which is the sale of retail goods.

Appellant's Brief on Appeal                                                                 pg. 8
Michael Shane Camacho, Appellant v. The State of Texas, Appellee
Case No. 05-15-00354-CR

More importantly, the "Incident Reporting" report looks like and resembles a police report from an arresting police officer. (RR, Vol. 4: State's Exhibit 1). In the 4-page report, it discusses the narrative of facts like a police report and contains all the information needed for subsequent prosecution of the theft offense. *Id.* Further, the narrative of the report (page 4 of 4) specifically states that a "report was made for theft and all information given to Officer Jenkins." *Id.* For all purposes, the "APE" prepared the "Incident Reporting" report in order to assist the police and the District Attorney's Office in prosecution of Appellant. The "APE" even testified that he prepared the report after the police responded to the incident. (RR Vol. 2: P. 115). As such, the "Incident Reporting" report was made in anticipation of litigation, e.g., criminal prosecution of Appellant for theft, and does not fall within the business records exception to hearsay under Rule 803(6). On these grounds, this Court should find that the trial court erred in admitting the "Incident Reporting" report marked as State's Exhibit 1, and that the error was outside the zone of reasonable disagreement tantamount to an abuse of discretion.

An essential element to the offense of theft requires proof of value of the stolen property. *See* TEX. PENAL CODE, SEC 31.03 (e). In this case, the State was required to prove that Appellant stole property from SAM's Club and that the value of the stolen property was $50 or more but less than $500. *Id at* SEC. 31.03

Appellant's Brief on Appeal                                                                 pg. 9
Michael Shane Camacho, Appellant v. The State of Texas, Appellee
Case No. 05-15-00354-CR

(e)(2). During trial, the State relied solely on the "Incident Reporting" report to prove the value of the stolen property as $59.96. (RR Vol.4: State's Exhibit 1). The "APE" testified that he did not have personal knowledge of the value of the stolen merchandise. (RR Vol. 2: P. 115). The prosecutor had to furnish State's Exhibit No. 1 to the "APE" in order for him to testify to the value of the stolen merchandise. (RR Vol. 2: P. 116). But for the improper admission of the "Incident Reporting" report, the State would have been unable to prove the essential value element of the charged theft offense. In conclusion, Appellant asserts that the trial court's error had an injurious effect and influence in the jury's verdict that affected Appellant's substantial rights.

## II.    Point of Error Number Two (Restated)

The prosecutor for the State made an improper jury argument stating that Appellant failed to file an application for probation and is probation eligible, when in fact, Appellant was legally ineligible to receive probation from the jury. Said remarks were manifestly improper and injected new harmful facts to Appellant.

### A. Standard of Review and Applicable Law:

A proper jury argument typically falls within one of the following categories: (1) summary of the evidence, (2) reasonable deduction from the evidence, (3) response to argument from opposing counsel, or (4) plea for law

Appellant's Brief on Appeal                                                                          pg. 10
Michael Shane Camacho, Appellant v. The State of Texas, Appellee
Case No. 05-15-00354-CR

enforcement. *See Madden v. State*, 721 S.W.2d 859, 862 (Tex. Crim. App. 1986); *Huff v. State*, 897 S.W.2d 829, 835-836 (Tex. App. – Dallas, 1995). An argument outside of these permissible categories does not necessarily give grounds for reversal. *Huff v. State*, 897 S.W.2d at 836. However, error is reversible where, even with an instruction to disregard, the improper argument or remarks was extreme or manifestly improper, violated a mandatory statute, or injected new facts harmful to the accused. *Id.*

## B. Analysis:

During the punishment phase of this case, the prosecutor stated in closing argument:

> "This man is a criminal. That's what he does. He deserves the maximum amount of fine. Believe it or not, this is a probation-eligible case. If he had submitted the proper documentation to the judge, you'd be considering probation. But he didn't submit that because he didn't want to be on probation. Because he doesn't want to have someone looking over his shoulder. He just wants punishment." (RR Vol. 3: P.10)

Prior to the closing argument, the State introduced into evidence State's Exhibits No. 3 and No. 4. (RR Vol. 2: P. 200-201). The said exhibits were admitted into evidence by the trial court. *Id.* State's Exhibit No. 3 included a Judgment Adjudicating Guilt of the Appellant and conviction for the offenses of Aggravated Sexual Assault of a Child under Fourteen Years Old and Solicitation of a Minor. (RR Vol. 4: State's Exhibit 3). State's Exhibit No. 4 was a Judgment

Appellant's Brief on Appeal                                                                 pg. 11
Michael Shane Camacho, Appellant v. The State of Texas, Appellee
Case No. 05-15-00354-CR

of Conviction by Court for Appellant of the offense of Sex Offenders Duty to Register 10 years. (RR Vol. 4: State's Exhibit 4). According to the Texas Penal Code, the said convictions are felony criminal convictions. *See* TEX. PENAL CODE, SEC. 22.021 (Aggravated Sexual Assault); TEX. PENAL CODE, SEC. 15.031 (Criminal Solicitation of a Minor); TEX. CODE CRIM. PROC., ART. 62.102 (Failure to Comply with Registration Requirements).

Under Article 42.12, Sec. 4, Texas Code of Criminal Procedure, a defendant is not eligible to receive community supervision from a jury where the defendant is unable to file a written sworn motion prior to the beginning of trial stating that the defendant has not previously been convicted of a felony in this state or any other state. *See* TEX. CODE CRIM. PROC. ART. 42.12, SEC 4 (d) and (e). In this case, the Appellant had previously been convicted of one or more felony offenses, and hence was unable to file a sworn written motion per Article 42.12, Sec. 4(e). Given that Appellant could not file, and did not file, a sworn application for probation, the jury could not legally recommend community supervision. As such, the prosecutor's statement during closing argument:

> "Believe it or not, this is a probation-eligible case. If he had submitted the proper documentation to the judge, you'd be considering probation, But he didn't submit that because he didn't want to be on probation. Because he doesn't want to have someone looking over his shoulder. He just wants punishment." (RR Vol. 3: P. 10)

Appellant's Brief on Appeal                                                                 pg. 12
Michael Shane Camacho, Appellant v. The State of Texas, Appellee
Case No. 05-15-00354-CR

was a gross misrepresentation of the law to the jury.

The aforementioned statement was an improper jury argument outside the bounds of permissible jury argument because it was not within the range of punishment allowable by law from the jury. The statement was misleading to the jury, and left a false impression for Appellant's motives for not filing an application for probation. Further, the prosecutor's blatant and gross misstatement that the Appellant was probation eligible, when in fact Appellant was not legally eligible for probation from the jury, injected harmful and prejudicial facts into evidence for the jury to decide during its deliberations.

Appellant acknowledges that trial counsel failed to object to the prosecutor's improper argument and that there was no curing instruction to the jury from the court. However, even if trial counsel had objected and the court gave a curing instruction to the jury to disregard the improper argument, courts have held that reversible error can still occur despite the curing instruction. *See Huff v. State*, 897 S.W.2d at 836 (citing *Cooks v. State*, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992)). Courts have held that improper argument is reversible error, even with a trial court's instruction to disregard, when, "in light of the record as a whole," the improper argument is extreme or manifestly improper, violates mandatory statute, or injects new facts harmful to the accused. *Id.*

Appellant's Brief on Appeal                                                                 pg. 13
Michael Shane Camacho, Appellant v. The State of Texas, Appellee
Case No. 05-15-00354-CR

In this case, even had the court instructed the jury to disregard the prosecutor's improper argument, the gross misrepresentation of the applicable punishment range for the jury to consider and the improper comment as to Appellant's motive for not filing an application for probation rises to the level of being extreme and manifestly improper, and it injects harmful and prejudicial facts to the Appellant into evidence for the jury to consider. As such, this Court should find that the prosecutor's improper argument to the jury constitutes reversible error.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays for this Court to reverse his conviction and remand this case to the trial court for a new trial. Alternatively, Appellant respectfully prays this Court remand the case for a new punishment hearing.

Respectfully submitted,

/s/ Karen Chesley
Karen Chesley, TX Bar No. 24036361

Chesley & Perales, P.C.
1415 Harroun Avenue
McKinney, TX 75069
(972) 292-7130 / Fax (888) 400-0214
karen@chesleyperaleslaw.com

**ATTORNEY FOR APPELLANT**

Appellant's Brief on Appeal                                                                 pg. 14
Michael Shane Camacho, Appellant v. The State of Texas, Appellee
Case No. 05-15-00354-CR

## CERTIFICATE OF SERVICE FOR APPELLANT'S BRIEF ON APPEAL

I, the undersigned counsel, hereby certify that a true and correct copy of the foregoing Appellant's Brief on Appeal was faxed to the Collin County District Attorney's Office at (214) 491-4860 on the 25TH day of JUNE, 2015.

/s/ Karen Chesley
Karen Chesley
Texas Bar No. 24036361

Appellant's Brief on Appeal                                                    pg. 15
Michael Shane Camacho, Appellant v. The State of Texas, Appellee
Case No. 05-15-00354-CR